**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**Ada DENNY et al., Appellees.**

Court of Appeals of Kentucky.

June 12, 1964.

As Modified on Denial of Rehearing

Dec. 18, 1964.

John B. Breckinridge, Atty. Gen., Wm. A. Lamkin, Jr., Asst. Atty. Gen., James B. Stewart and C. E. Skidmore, Dept. of Highways, Frankfort, for appellant.

Robert M. Odear, Robert F. Houlihan, Stoll, Keenon & Park, Wm. S. Black, Robert E. Rice, Lexington, for appellees.

DAVIS, Commissioner.

The Commonwealth of Kentucky, Department of Highways (hereinafter referred to as Department), appeals from a judgment of the Fayette Circuit Court awarding $40,-511 to appellees incident to this condemnation proceeding.

Three bases for reversal are urged: (1) error in permitting witnesses for the landowners to base their damage estimates on the premise that access to the highway was being taken; (2) error in permitting landowner's witnesses to introduce and testify from exhibits which did not accurately show the condition of the land at time of taking; and (3) the verdict for resultant damages is so excessive as to appear at first blush to have resulted from passion and prejudice.

The original tract from which the right of way is taken contained 35.7 acres located east of Lexington at the intersection of Lexington Circle Road and U. S. Highway 60 (Winchester Road). The taking is for the enlargement of an existing interchange; the quantity of land taken is 1.27 acres. The portion taken is located in the northwestern corner of the original boundary. Before the taking the tract abutted the Winchester Road, somewhat along an arc, for a distance of 1685 feet; at the time of the taking only one entrance to the Winchester Road was used to serve the farm; the remainder of the frontage was fenced.

The taken tract of 1.27 acres fronted on the Winchester Road a distance of 1109 feet. It is shown that 952 feet of that 1109 feet of frontage will be denied access to the abutting highway after the taking. The remaining 733 feet of the original frontage of 1685 feet along Winchester Road is not disturbed. The former entranceway serving the original tract was within the limited access portion, but the Department constructed a new entrance of the same width, at a point east of the controlled access frontage. In order for the Department to relocate the entrance it acquired two temporary easements, aggregating 0.24 acres; the Department retained these easements for two years. In the taking the Department also acquired the appellees' interest in a possible reverter in a portion of the right of way on old Winchester Road.

The trial of this case occurred before our decisions in Com. Dept. of Highways v. Carlisle, Ky., 363 S.W.2d 104, and Com. Dept. of Highways v. Sherrod, Ky., 367 S. W.2d 844. The jury's verdict awarded $5,-080 for land taken, $1,000 for temporary easements, $1.00 for the reverter, and $34,-430 for damage to the land remaining after the taking.

At the time of the taking the entire tract was zoned and being used for agricultural purposes. However, there is no question that the tract has ready adaptability for commercial or residential purposes (although development as either would affect availability for the other). It is situated in an area already extensively developed commercially and residentially.

Throughout the trial counsel for the Department interposed objections to all evidence of appellees' witnesses wherein the witnesses ascribed damages to the remaining land by reason of loss of access to Winchester Road. These objections were consistently overruled. Appellees concede the principle that as long as a property owner has reasonable access to his property after the closing of an existing road by construction of a limited access highway, he has suffered no compensable damages. Dept. of Highways v. Jackson, Ky., 302 S.W.2d 373, and cases discussed there.

Appellees contend that a different principle must apply when a portion of an existing highway is converted from an ordinary highway to a limited access facility. We are unable to accept that contention. We can perceive no basis for application of another rule in this type case. The rationale of the admitted rule of the Jackson case, supra, is that the enhancement in value of land attributable to the mere convenience of the routes of travel which it enjoys is something that does not inure to the landowner as *property*. The same rule is applicable in the case at bar.

In Com. Dept. of Highways v. Carlisle, Ky., 363 S.W.2d 104, we pointed out again that the only access right the landowner has is a right of reasonable access to the highway system, and we further noted that access is subject to control under the police power of the state. The following decisions from sister jurisdictions support the view that limitation of access, so long as reasonable access to the highway system remains, is not a taking by eminent domain, but is accomplished under the police power, and is not compensable. Carazalla v. State, 269 Wis. 593, 71 N.W.2d 276; State v. Fox, 53 Wash.2d 216, 332 P.2d 943; People ex rel. Dept. of Public Works v. Ayon, 54 Cal.2d 217, 5 Cal.Rptr. 151, 352 P.2d 519; State v. Ensley, 240 Ind. 472, 164 N. E.2d 342.

In Carlisle the parties tried the case on the theory that the right of access was compensable and was being "condemned." Some significance was accorded the wording contained in the Carlisle condemnation complaint. Substantially the same language is found in the present complaint. However, upon further consideration, we are persuaded that the significance ascribed to the pleadings in Carlisle was not justified; neither was it necessary to the decision in that case. The proper basis for the result in Carlisle was that since no issue had been raised as to the compensability of the access rights, the Commonwealth was not in a position to claim error in that respect. To the extent that Carlisle attributes controlling significance to the pleadings as appeared in the case, it is overruled.

It will be noted that in Carlisle the case was tried "on the assumption that the landowners had unqualified rights of access to U. S. 41 along the entire frontage of their lot." But the same thing may not be said here. It is true that the valuation witnesses offered by the Department testified that no damage resulted to the remainder of the land by reason of the taking, but that of itself hardly resolves the question as to how the case was tried. However, as the valuation witnesses for appellees testified, counsel for the Department made objection to so much of their evidence as attributed resultant damage to the loss of access. In each instance the objection was overruled. In the motion and grounds for new trial the Department specifically called attention of the trial court to its assertion of the error in admission of evidence that damages resulted by reason of loss of access.

In Carlisle we quoted with approval the tenet that the benefit an abutting owner may derive from the location of a highway and the direction of traffic thereon is not a matter of right; neither does such benefit come within the category of access rights. DeRossette v. Jefferson County, 288 Ky. 407, 156 S.W.2d 165; 5 Nichols Em. Domain, § 16.101(5).

In this case the Department did not undertake to condemn access rights, and no *property right* of access was taken. The Department may not be required to pay for something it is not taking. Therefore, it was prejudicial error to permit appellees' valuation witnesses to predicate damages on loss of access to the Winchester Road.

The appellees assert that no appraiser could express a realistic "after" value without reference to "loss of access." The simple answer is that there is no loss of access, because the status of the access after the taking is exactly what it was before the taking. Witnesses undertaking to express opinions as to "before" and "after" market values shall assume that the matter of access is not a factor affecting market value before or after the taking.

Our decision in Com. Dept. of Highways v. Vincent, Ky., 357 S.W.2d 678, resolves the question concerning the admitting in evidence of a plat reflecting a proposed subdivision of the land. As noted in Vincent, the evidence is admitted for the limited purpose of demonstrating the susceptibility of the land to subdivision purposes. Here it was clearly stated to the jury that the land had not been divided pursuant to the plat and that it was being used as farmland at the time of taking.

We do not reach the question of whether the award was excessive. Upon a new trial, the question of damages will be submitted as prescribed in Com. Dept. of Highways v. Sherrod, Ky., 367 S.W.2d 844. Witnesses will not be permitted to consider any loss of access as a factor reducing the "after" value of the land.

The judgment is reversed for proceedings consistent with this opinion.

MOREMEN and WILLIAMS, JJ., dissenting.