**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**Janie LAWTON et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 29, 1965.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., C. E. Skidmore, Frankfort, for appellant.

Samuel T. Jarvis, B. R. Paxton, Jarvis, Cornette, Payton & Paxton, Greenville, for appellees.

CLAY, Commissioner.

In this condemnation case the Commonwealth acquired approximately 20 acres of a 120 acre farm for highway purposes. The jury awarded the property owners $37,541. The Commonwealth raises questions of evidence.

■ It is admitted that the property involved was suitable for subdivision purposes. Over the objection of the Commonwealth the property owners introduced a plat showing part of the farm subdivided into lots, and the property owners substantially based their testimony on prospective lot values. Though the plat was admissible to show the susceptibility of the land to this type of development, this kind of valuation testimony was condemned in Commonwealth v. Evans, Ky., 361 S.W.2d 766.

Appellees contend, however, that this evidence was not prejudicial because the jury's award was substantially less than the valuations given by these witnesses. We cannot accept this argument. Since the only issue involved was the amount of damages, and the jury found an amount lying somewhere between various valuations, we cannot say that their award was not influenced by this evidence. This is particularly true in view of the fact that other evidence hereafter discussed lacked probative value.

■ The Commonwealth questions the testimony of an expert witness, Puryear, on the ground that it is incredible and based upon improper factors. This witness testified in substance that the remaining land on the west side of U.S. 431 would have no value, principally because some access to the highway would be lost. As we held in Commonwealth v. Carlisle, Ky., 363 S.W.2d 104, and Commonwealth, Department of Highways v. Denny, Ky., 385 S.W.2d 776, the loss of access is not a compensable item and resultant damages cannot be attributed thereto as long as the property owner retains a reasonable means of access. This

evidence did not support the verdict, but certainly was considered by the jury.

The Commonwealth finally contends that all of appellees' evidence lacked probative value and was insufficient to support the verdict. This point is substantially covered by our foregoing conclusions. On another trial the parties will follow the principles set forth in Commonwealth v. Sherrod, Ky., 367 S.W.2d 844.

 It appears the testimony of the property owners and the witness Puryear, being based on improper factors, lacked probative value to support the verdict. Even if there was other competent evidence to support it, these valuations were misleading and prejudicial.

We find no error in the instructions given.

The judgment is reversed.