**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Anna Coleman Van Meter PREWITT, Widow, et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 12, 1965.

As Extended on Denial of Rehearing June 11, 1965.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., C. E. Skidmore, Frankfort, Deddo G. Lynn, Lexington, for appellant.

Stephen T. Davis, White, McCann & Stewart, Winchester, for appellees.

MILLIKEN, Judge.

The judgment in this condemnation case was entered November 30, 1962, prior to our decisions in Commonwealth, Department of Highways v. Carlisle (1962), Ky., 363 S.W.2d 104, Commonwealth, Department of Highways v. Tyree (1963), Ky., 365 S.W.2d 472, and Commonwealth, Department of Highways v. Sherrod (1963), Ky., 367 S.W.2d 844. The appealed judgment involves the taking of 46 acres of land in Clark County for the construction of Interstate 64.

Throughout this litigation is the assumption by counsel for the Department of Highways and the landowners that the loss of access to U. S. 60 is a substantial factor in estimating the damage to the remainder, an assumption which was not unwarranted before the above decisions.

The farm affected by this condemnation, containing 710 acres, was used as a unit before the taking, but was left in three separate tracts after the taking; it was roughly in the shape of a U with the western arm of the U fronting 2,200 feet on the north side of U. S. 60 and the eastern arm of the U, which was about a mile away, fronting 200 feet on U. S. 60. The 46 acres taken cut off both arms of the U and landlocked a small portion of land within the curve of the U, leaving the main tract of the farm—470 acres—on the northern side of Interstate 64 and cut off from direct access to the western arm or tract containing 185 acres and the eastern arm or tract of 9 acres, both of which were

left on the south or other side of Interstate 64 with their original access of U. S. 60 unimpaired. Counsel for the Department apparently felt at the trial, and certainly contend in their brief, that the main tract was so far from U. S. 60—3,500 feet by way of one arm and 2,200 feet by the other, over dirt roads—that any decrease in market value to the main tract allowed for loss of its direct access to U. S. 60 was based on a shaky premise because the new access roads constructed by the Department afforded as good or better access to U. S. 60 by public highways. The jury allowed $32,200 for the 46 acres taken, and $37,299.20 "less $6,000 enhancement by virtue of Frontage Roads" or $31,299.20 as consequential damage to the remainder. An additional $1,140 was allowed for fencing, making a total verdict and judgment of $64,639.20.

The removal of the 470-acre tract from direct access to U. S. 60 resulted in diminution of the value of that tract according to the landowners' witnesses because it removed the tract from the U. S. 60 "community" or "influence." It was their contention that farms on U. S. 60 have a greater market value than exactly equal farms located on minor highways—and this may well be true. The difficulty is that any reduction in value of the 470-acre tract attributable to its loss of the U. S. 60 "community" or "influence" is a noncompensable item for the same reason that impairment of access to a public highway is noncompensable and any damages allowed therefor are improper. See Commonwealth, Department of Highways v. Carlisle (1962), Ky., 363 S. W.2d 104; Commonwealth, Department of Highways v. Denny (1964), Ky., 385 S.W. 2d 776. In the event of another trial the jury should be so instructed. See Jennings v. Commonwealth, Department of Highways (1965), Ky., 388 S.W.2d 133. No property owner has any assurance that his property will always enjoy a favored highway status.

It will not be necessary to discuss other points raised, because they will not recur at a retrial after the Sherrod, Carlisle, Tyree and later decisions such as Commonwealth, Department of Highways v. Denny, Ky., 385 S.W.2d 776; Commonwealth, Department of Highways v. Lawton, Ky., 386 S. W.2d 466, decided January 29, 1965.

The judgment is reversed.