COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Paul EAVES et al., Appellees.

Court of Appeals of Kentucky.

March 26, 1965.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., C. E. Skidmore, Department of Highways, Frankfort, for appellant.

B. R. Paxton, Jarvis, Cornette, Payton & Paxton, Greenville, for appellees.

WADDILL, Commissioner.

This is a condemnation case wherein the Department of Highways acquired .41 of an acre from a 1.5 acre tract used by appellees as a salvage yard. This land is located near Central City with frontage on U. S. Highway #62. Upon trial in the circuit court the landowner was awarded $10,000; $2500 for the land taken and $7500 as damages to the remainder.

For reversal of the judgment accordingly entered it is argued that the trial court erred in permitting several witnesses to testify, over objections, as to the cost of moving the junked automobiles which were kept by the landowners on the condemned site. The contention has merit for it is the rule in this state that a recovery cannot be had in condemnation cases for the cost of removal of personal property as the landowner is only entitled to payment of the difference in market value of the property before and after the taking. Chain Belt Co. v. Commonwealth, Ky., (rendered March 19, 1965). For the same reason it was error for the trial court to permit evidence as to the necessity and cost of screening the landowners' remaining tract of land. See also Commonwealth, Dept. of Highways v. Sherrod, Ky., 367 S.W.2d 844.

Since we are reversing the judgment with directions to grant appellant a new trial we do not reach the question of whether the award is excessive and it is specifically reserved.

The judgment is reversed with directions to grant appellant a new trial.