**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

**v.**

**Walter A. SHAW et al., Appellees.**

Court of Appeals of Kentucky.

May 7, 1965.

162

Robert F. Matthews, Atty. Gen., Wm. A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Dandridge F. Walton, Madisonville, Raleigh O. Jones, Louisville, for appellant.

John L. Dorsey, Jr., Henderson, for appellees.

HILL, Judge.

Commonwealth of Kentucky, Department of Highways, condemned a strip of land 10 by 468 feet along with another adjacent and parallel strip 10 by 454 feet for a temporary easement in order to widen U. S. 41 between Henderson, Kentucky, and Evansville, Indiana. These two strips were taken off the front of appellees' land which was used as a commercial nursery, and which fronted 468 feet on U.S. 41. Affected by the taking were appellees' horseshoe driveway and the display area containing shrubs, plants and trees located in the middle of the horseshoe. The jury in the Henderson Circuit Court awarded a total verdict of $11,930 damages—$9,360 for the difference in market value of the property before and after the taking, and $2,570 for the temporary easement. The Commonwealth appeals.

Appellant's initial contention is that the evidence of two of appellees' witnesses, Walter A. Shaw, the landowner, and Woodring Fryer, was irrelevant and incompetent.

Walter Shaw first gave his valuation testimony (Before: $122,000; after: $85,-000; difference: $37,000), and then on direct examination he stated he took into consideration an item of $1800 spent for labor in removing shrubbery and loss of plants in transplanting. The appellant strenuously argues that this factor (the $1800 cost of removal of plants and shrubs out of the condemned area) is invalid, in that, it involves an irrelevant factor or measure of value and, therefore, that Shaw's original estimates became irrelevant and were inadmissible and his entire testimony should have been stricken.

We have held that removal and relocation costs are not compensable in Kentucky. In Chain Belt Co. v. Commonwealth of Kentucky, Department of Highways, Ky., 391 S.W.2d 357 (decided March 19, 1965), we held condemnee could not recover expenses incurred for removal and relocation of machinery and equipment from condemned property. Also in Commonwealth of Kentucky, Department of Highways v. Dowdy, et al., Ky., 388 S.W.2d 593 (decided March 26, 1965), we decided one condemnee could not recoup expenses for removing a building, another could not recoup expenses for moving a sign and tanks from condemned property. Following this line of authority, we held in Commonwealth of Kentucky, Department of Highways v. Eaves, et al., Ky., 388 S.W.2d 573 (decided March 26, 1965), that condemnee could not recover the cost of moving junked automobiles from condemned property.

It should be noted that the cost of removing these shrubs and trees was not introduced to show additional damage to which appellees were entitled. Rather, this $1800 removal cost was given as a factor which Mr. Shaw used to determine the diminution of the value of the land after the taking. Since this factor is noncompensable, the testimony of Mr. Shaw may be based at least partly on an irrelevant factor.

From the authorities above, it is clear that this character of testimony was partly based upon an improper factor and which we have consistently condemned. However, we conclude appellant did not properly object to this testimony.

In a number of recent cases we have been confronted by the situation where a valuation witness, after giving proper and competent testimony on direct examination, is led to admit on cross-examination that he has included in his estimate of value some improper factor. At the conclusion of his cross-examination a motion is made to strike his entire testimony, as was done in this instance. When the witness's valuation is "based solely or primarily on an improper factor his estimate becomes invalid and is subject to a motion to strike." West Kentucky Coal Company v. Commonwealth of Kentucky, Ky., 368 S.W.2d 738, 743. But when the improper factor can be eliminated from his calculations and the estimate revised accordingly the appropriate remedy is an admonition to the jury not to consider the improper factor and a requirement of the witness that he revise his figures and give an opinion on the correct basis. Commonwealth, Dept. of Highways v. Mayes, Ky., 388 S.W.2d 125 (1965). In such an event, we are agreed that even though a motion to strike all of the witness's testimony is inappropriate and properly overruled, the trial court of its own volition could appropriately admonish the jury and require the witness to eliminate the improper factor from his calculations and revise his estimate accordingly. However, it is counsel's responsibility to request the relief to which he is entitled, and in the absence of an appropriate motion the trial court's failure to act on its own volition is not an error. The court is of the opinion that a blanket motion to strike the entire testimony of the witness is not sufficient to make it incumbent on the trial court, upon correctly overruling the motion, to initiate some other and more appropriate action. As a matter of fact, it may be that

counsel would prefer that the witness not be given a gratuitous opportunity to correct his testimony.

Appellant also complains that the witness, Woodring Fryer, stated that he considered costs in removing plants and advertising signs in front of the nursery and that these costs were included in the difference in the before and after value. However, since this witness did not voluntarily place a monetary value on these removal costs, and was not requested to do so, it is now, at this late date, impossible to determine the extent to which this factor influenced his estimate of values. Furthermore, based upon our discussion earlier in this opinion, we conclude that appellant did not properly object and was not entitled to strike all the testimony of this witness.

■ Appellant next contends that the court below erred in declining to strike testimony of appellees' witnesses placing specific values amounting to $20,000 on shrubs, trees and other plants growing on the back part of the land not taken. This testimony was improper. Commonwealth Dept. of Highways v. Sherrod, Ky., 367 S.W.2d 844, and Commonwealth Dept. of Highways v. Tyree, et al., Ky., 365 S.W.2d 472. However, as the same figures were reflected in the "after" values as well as the "before" values given by the witnesses, the error cancels out. In some instances we would regard such an error as prejudicial anyway, in that, it may convey to the jury a false impression both of the overall value of the property and the factors that determine that value. But in view of the testimony as a whole in this case we are not convinced that this particular irregularity actually had a prejudicial effect.

Appellant finally asserts that the testimony of witnesses, Hunt and Fryer, was somehow "tainted with considerations reflecting loss of business, which is clearly incompetent." The gist of appellant's argument is that both witnesses relied on the fact that the landowner lost part of his

display and advertising area, and particularly that Mr. Fryer relied on removal costs of signs and shrubs. We have already pointed out that the effect of Fryer's reliance on these factors was not shown, since no effort was made to determine what, if any, monetary value was assigned to these costs. Likewise, there is no allegation or evidence to indicate that Mr. Hunt placed a specific value on loss of display area or advertising or to what extent this influenced his final estimate. Furthermore, the question is not saved by proper objection as noted above.

The judgment is affirmed.