**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellant,**

v.

**H. M. CALLIHAN et al., Appellees.**

Court of Appeals of Kentucky.

May 28, 1965.

Robert Matthews, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Phillip K. Wicker, Department of Highways, Somerset, Eugene Clark, Department of Highways, Manchester, for appellant.

H. M. Sutton, Sutton & Martin, Corbin, for appellees.

WADDILL, Commissioner.

In this condemnation proceeding to obtain right of way for the relocation of U S 25–E about four miles south of Barbourville, the appellee-landowners were awarded $9,000. The Commonwealth urges that the judgment should be reversed for lack of sufficient competent evidence to support it and because of prejudicial argument to the jury.

The appellees owned a 44.15 acre tract of land fronting on U S 25–E. By this action the Commonwealth took 3.8 acres in fee, .02 acre for a permanent easement and .03 acre for a temporary easement. The only improvements taken included septic tanks and field line for a house and a scale house which had been abandoned when appellees discontinued a small coal mining operation on their land over 15 years ago. Appellees had previously razed a nearby tipple. At the time of this taking and for some years prior thereto, so far as this record shows, the tract, which was primarily hilly woodland, was used only as a residence by appellees' daughter.

Witnesses for the Commonwealth gave estimates of appellees' damages ranging from $1900 to $2100, while the estimates to which appellees' witnesses testified ranged from $11,500 to $16,000.

 Although serious doubt was cast on whether the coal remaining under appellees' land could ever be economically mined, each of appellees' witnesses testified that he considered loss of access from the area in which the coal was located to the new road in computing the after value of the property. However the Commonwealth

showed that an approach to the new road would connect it with the drive to the house. Since this drive furnished the only access to the so-called "coal land" before the taking, the access to the new road will be at least as good after the taking. In light of this fact it would be ridiculous to say that the condemnation had resulted in loss of reasonable access for which the landowners should be compensated. Commonwealth, Department of Highways v. Yates, Ky., 383 S.W.2d 340. The trial court erred in overruling the Commonwealth's objections to this evidence and its timely motions to strike the valuation testimony of the witnesses for appellees which was permeated with a consideration of this non-compensable factor. Commonwealth, Department of Highways v. Fancher, Ky., 390 S.W.2d 164 (Decided May 7, 1965).

 In his closing argument to the jury counsel for appellees stated that it would cost $5,250 more to process appellees' coal at a new tipple site than it would have cost on the site taken for the highway. Not only was this amount in excess of the result of multiplying a rough estimate of cost (to which estimate the trial court originally sustained an objection) times an approximation of the amount of coal in appellees' land, but it depended upon an assumption, not warranted by the record, that the coal could be mined and marketed in the foreseeable future. Certainly this factor was too speculative to have any bearing on the difference in the fair market value of appellees' land caused by the taking. The trial court erred in permitting it to be argued to the jury.

Furthermore the reasons assigned by appellees' witnesses for their valuations were so worthless (and sometimes incompetent) that their evidence is completely lacking in probative weight. Commonwealth, Department of Highways v. Darch, Ky., 390 S.W.2d 649, (Decided May 14, 1965); Commonwealth, Department of Highways v. Williams, Ky.; 383 S.W.2d 687.

For the reasons assigned the judgment must be reversed. The errors occurring at the trial will presumably not occur upon a new trial in light of our more recent published opinions.

The judgment is reversed and the case is remanded for a new trial consistent with this opinion.