**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Price CAMMACK et ux., Appellees.**

Court of Appeals of Kentucky.

Nov. 23, 1966.

**616**

Robert Matthews, Atty. Gen., H. C. Smith, Sp. Asst. Atty. Gen., Frankfort, Strother Kiser, Sp. Asst. Atty. Gen., William O. Gilbreath, Lexington, for appellant.

W. Earl Dean, Harrodsburg, Walter Patrick, Lawrenceburg, for appellees.

HILL, Judge.

In this highway condemnation case, the Commonwealth appeals from a jury verdict and judgment amounting to $15,000 for 9.58 acres of land and improvements taken from a farm containing 204.76 acres.

Assigned as grounds for reversal are the two following contentions: (1) Incompetent evidence based on noncompensable factors, and (2) the verdict is excessive.

Before the taking of the land for use in construction of the Central Kentucky Parkway between Versailles and Elizabethtown, appellees' rolling hill farm was well kept and improved. The main residence and adjunctive farm buildings were on the north end of the property, and a smaller house with the usual farm buildings on the south end was used by appellees' son. A farm road following the ridge, or high ground, extended the entire length of the farm. All of the farm was "tractor" land.

The land taken for highway purposes separates the farm, leaving 2.61 acres, on which the main residence occupied by appellants is situated, on the north side of the parkway and 192.57 acres on the south side. Appellees have access from the north tract to the south tract but are required, after the taking, to travel about 2,000 feet farther. A thirty-foot cut was made south of the 2.61 acre tract.

Included in the taking were: One barn, one chicken house, two sheds, two ponds, one spring, one cistern, one well, five gates, three oak trees, and some fence.

The county court commissioners awarded the landowners $14,375.

Two witnesses offered by the Commonwealth fixed the difference between before and after value of the farm at $4,090 and $3,500.

Appellees' two witnesses fixed the difference in before and after value at $18,025 and $17,100.

■ The jury verdict determined the before value to be $40,800 and the after value to be $25,800, a difference of $15,000. The lowest after value of all witnesses testifying was $27,200, which was fixed by one of appellant's witnesses. Obviously the jury fixed the after value $1,400 less than that fixed by any witness. This point is not discussed in appellant's brief, but this deviation by the jury from the range of values fixed by the witnesses on both sides alone is sufficient to reverse this case.

Witnesses for appellees cited comparable farm sales ranging from $77 to $150 per acre but testified appellee's farm was better, with superior improvements, than the ones mentioned in the comparisons. Both witnesses for appellant and appellees, generally, relied on the same sales.

First we consider the contention of appellant that appellees' two witnesses based their difference in before and after values on a noncompensable factor or *"inconvenience."*

■ Ordinarily, "inconvenience" is not compensable in eminent domain cases. Commonwealth, Department of Highways v. Roberts, Ky., 390 S.W.2d 155 (1965), and Commonwealth, Department of Highways v. Sherrod, Ky., 367 S.W.2d 844 (1963). However, where a farm is severed, its value as a unit for farming purposes may be impaired. See Commonwealth, Department of Highways v. Sea, Ky., 402 S.W.2d 842 (1966), wherein it is written:

"Where a farm is divided by the taking of a part of it for highway purposes, the separation alone may or may not reduce its market value, depending on the highest and best use of the land. * * * the separation of a farm, having farming as its highest and best use, may materially and substantially impair its market value as a unit."

The evidence, which is now contended was improper and prejudicial, related to the construction of the new highway across the farm road resulting in some inconvenience and impairment of the unit value of the farm. The only objection to the evidence of appellees' witness McWilliams was this statement: "Object to the 45 rods of fence, your Honor." At the end of the evidence of this witness in chief, this motion was made: "Your Honor, I want to move to strike on the ground that I don't feel that he is qualified, and on the further ground that his values are based on an improper basis." Conceding arguendo this evidence improper, we conclude the question was not properly preserved for appellate review for reasons contained in Commonwealth, Department of Highways v. Shaw, Ky., 390 S.W.2d 161, 163 (1965), from which we quote:

"When the witness's valuation is 'based solely or primarily on an improper factor his estimate becomes invalid and is subject to a motion to strike.' * * * But when the improper factor can be eliminated from his calculations and the estimate revised accordingly the appropriate remedy is an admonition to the jury not to consider the improper factor and a requirement of the witness that he revised his figures and give an opinion on the correct basis. * * * In such an event, we are agreed that even though a motion to strike all of the witness's testimony is inappropriate and properly overruled, the trial court of its own volition *could* appropriately admonish the jury and require the witness to eliminate the improper factor from his calculations and revise his estimate accordingly. However, it is counsel's responsibility to request the relief to which he is entitled, and in the absence of an appropriate

motion the trial court's failure to act on its own volition is not an error. The court is of the opinion that a blanket motion to strike the entire testimony of the witness is not sufficient to make it incumbent on the trial court, upon correctly overruling the motion, to initiate some other and more appropriate action." (Emphasis ours.)

Substantially the same motion was made at the conclusion of the testimony of Birdwhistell, the other witness for appellees.

Finally, there remains the question of excessiveness. It must be conceded that nearly ten acres of appellees' land has been taken, as well as the foregoing list of improvements, and that their farm has sustained some decrease in value by reason of its separation as a unit for farming purposes. But, it is difficult for this court, as it was for the jury, to arrive at a proper compensation by scientific means of calculation. We are not told the value or cost of the barn taken only that it was ten years old, which isn't old as the age of a barn goes. We, like the jury, are kept in the dark as to the cost of the two ponds and the other buildings taken. The court at present is firmly committed to the proposition that property owners in condemnation cases may not on direct examination testify to the damage factors.

As stated in Commonwealth, Department of Highways v. Cardinal Hills Nursery, Ky., 380 S.W.2d 249, the landowner may:

" * * * relate any pertinent factors considered by them in arriving at the values to which they have testified; in so doing they may state their estimate of the amount by which a major structure enhances the 'before' value of the land to which it is affixed, and in support of that estimate may testify as to the cost, original or reproduction, less depreciation, of the structure, upon the conditions and under the limitations set forth in Commonwealth, Dept. of Highways v. Stamper, Ky., 345 S.W.2d 640."

All of the evidence considered, the amount of the verdict strikes us at first blush as excessive. The highest per acre value testified to by the landowners' two witnesses was $265, which included all improvements, most of which remained unmolested. Taking this figure, the land taken has a value of $2,538.70, assuming the land taken contained its pro rata share of the improvements. Appellant's two witnesses fixed the per acre before value of the farm at $165 and $150. At the rate of $165 per acre, the highest value of appellant's witnesses, the bare land would have a value of only $1,580.70.

It is interesting to note that appellant's two witnesses fixed the after value of the farm at $29,610 and $27,200, while appellees' two witnesses fixed after values at $36,300 and $34,150. The chief bone of contention concerns the before value. Appellees' witnesses ranged about $20,000 higher than did appellant's on before value.

The judgment is reversed for a new trial.