| Before value | After value | Difference |
|---|---|---|
| $57,000 | $41,800 | $15,200 |

---

The witnesses for appellant used comparable sales as well as other factors in determining the before and after values of the property. That they reached divergent opinions serves to point up the fact that an appraisal of property is nothing more than an estimate of its worth determined in the best judgment of the appraiser. Had comparable sales been the only reliable factor upon which to base an estimate in this case, there would have been no justification for a value as high as was fixed by the jury. However, as heretofore noted, other factors properly should be and were included in making an appraisal.

■ The difference in the before and after values of the property as testified to by the appraiser for the appellees was obviously exaggerated and just as obviously discounted by the jury. The jury plainly and simply did not believe appellees' witness to the full extent of his testimony. But they did put credence in it up to a point. The jury just as obviously did not put full credence in the testimony of appellant's witnesses. It found the before value of the farm to be $52,000, which was more than either had valued it, and found the after value to be $44,000, which was less than one had valued it. In Commonwealth, Dept. of Highways v. Tyree, Ky., 365 S.W. 2d 472, we said:

"* * * the jury is deemed capable of exercising reason and logic, and of having common knowledge, and therefore is capable of according such evidence its proper weight and value * * *"

The jury apparently sifted through the evidence introduced by both sides and reached a verdict based on the believable and logical conclusions gleaned therefrom. Although the verdict was quite liberal, it was based on sufficient evidence of probative value.

The judgment is affirmed.

All concur.

**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**L. R. GARDNER, Single, Edna Mae Gardner, Single, Appellees.**

Court of Appeals of Kentucky.

March 24, 1967.

Robert Matthews, Atty. Gen., H. C. Smith, Dept. of Highways, Frankfort, Joseph R. Huddleston, Huddleston & Huddleston, Bowling Green, Tildon H. McMasters, Elizabethtown, for appellant.

Davis Williams, Munfordville, for appellees.

CULLEN, Commissioner.

The Commonwealth of Kentucky, Department of Highways, appeals from a judgment awarding the appellee landowners $2630 as damages for property taken by condemnation for highway purposes.

The condemnation took a triangular parcel of 4.48 acres from the western tip of the appellees' farm, to be used as right of way for a limited-access interstate highway. As a part of the highway project a county road on which the farm abutted was to be closed at the right-of-way line of the new highway, thus cutting off the appellees' closest route of travel westward to U. S. Highway No. 31 W and the town of Bonnieville.

Before the taking the appellees' farm consisted of 160 acres. The highest "before" value assigned by the appellees' witness was $18,000, or $112.50 per acre. However, these witnesses testified that the difference in "before" and "after" values was from $4,000 to $8,950. They did not ascribe any unusual qualities of value to the land taken, so it would appear that they did not consider it worth any more than the average "before" value of $112.50 per acre, which means that only around $500 of the difference in value the witnesses testified to was attributable to the value of the land taken. The question was, then: Where did the rest of the difference in value come from? The simple truth is that every one of the appellees' witnesses based the rest of the difference in value on circuity of travel and separation of the farm from the "Bonnieville Community." Some of the appellees' witnesses frankly so admitted, and their testimony then was stricken. The other witnesses, when motions were made to strike

their testimony, undertook to say that the differences in value testified to by them existed without regard to the factors of circuity of travel and separation from the Bonnieville Community. However, they were unable to think of any factor at all, other than the bare value of the land taken; they squirmed and made feeble attempts to evade; they asked the court if they had to answer the Commonwealth's questions; and it is perfectly obvious that they, as did the others, rested their estimates of damage *primarily* on the improper factors above mentioned. Their testimony also should have been stricken.

■ Mere subjection to circuity of travel is not compensable. Department of Highways v. Jackson, Ky., 302 S.W.2d 373; Department of Highways v. Herndon, Ky., 378 S.W.2d 620. Nor is separation from the "influence" of a particular community. Department of Highways v. Prewitt, Ky., 390 S.W.2d 898.

■ If a witness bases his estimate of damages primarily on an improper factor his estimate is invalid and his testimony is subject to a motion to strike. Commonwealth, Department of Highways v. Tyree, Ky., 365 S.W.2d 472; West Kentucky Coal Company v. Commonwealth, Ky., 368 S.W. 2d 738; Commonwealth, Department of Highways v. Napier, Ky., 387 S.W.2d 861.

■ For the reasons pointed out in Commonwealth, Department of Highways v. Tyree, Ky., 365 S.W.2d 472, the admonitions given by the trial court to the jury, not to consider the improper factors, and the rulings of the court excluding so much of the testimony as related to improper factors, were of no efficacy. The witnesses were not able to exclude, disregard or eliminate from their consideration the improper factors and make an estimate of damages free from the influence of those factors, so how could the jury be expected to make a separation?

■ Although the testimony of all of the valuation witnesses for the appellees should have been stricken, this does not mean that the court should have given a directed verdict for the amount of damage testified to by the Commonwealth's witness ($630). See Stewart v. Sizemore, Ky., 332 S.W.2d 281.

The judgment is reversed with directions to grant a new trial.

All concur.