COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

Frank WOOLUM et al., Appellees.

Court of Appeals of Kentucky.

May 12, 1967.

**84**

Robert F. Matthews Atty. Gen., Frankfort, H. C. Smith, Dept. of Highways, Frankfort, Eugene H. Clark, Paul L. Madden, Dept. of Highways, Manchester, for appellant.

C. B. Upton, W. M. Cox, Jr., Williamsburg, for appellees.

STEINFELD, Judge.

This is a condemnation action to obtain additional right of way for the widening of Main Street in the City of Williamsburg.

The appellees owned a lot 50 feet in width and 150 feet in depth at the corner of Main and 15th Streets from which a strip of land 50 feet long and 32 feet wide was taken from the front yard of the home of appellees, Frank and Docie Woolum. Commissioners appointed by the Whitley County Court awarded appellees $10,500.00 and from that award both parties appealed. Upon a jury verdict in the Whitley Circuit Court of $5,000.00 the Commonwealth has appealed.

Appellees' home is a one and one-half story frame house with aluminum siding. There are five rooms, a utility room and bathroom on the main floor level and a large single room on the second floor. Prior to the taking the house was located approximately 53 feet from the highway right of way and after the taking was located about 21 feet away. The new roadway is about 61 feet from the house.

By virtue of the construction it was necessary that the appellant increase the fill along the right of way. Before the land was taken the appellees' property was about one foot below the grade of the highway. After the widening of the road the Woolums' property was one and one-half feet below the grade at the west property line, two feet below the grade at the center of their lot and two and one-half feet below the grade at the east property line.

Two witnesses testified for the Commonwealth. One of them stated that the value before the taking was $13,550.00. The amount fixed by them as the "after taking value" was $13,000.00. The difference before and after the taking, according to these two witnesses was a maximum of $550.00.

The highest evaluation of the property before the taking was $22,000.00 asserted by appellee, Frank Woolum. The after taking values ranged from a low of $9,500.00 estimated by Frank Woolum to a high of $13,000.00 according to the testimony of a witness for appellant. The difference in value estimated by appellees' witnesses was a maximum of $12,500.00.

Appellant contends that statements made by counsel for appellees evincing appellees' unwillingness to sell the property and other similar statements were prejudicial. Although the statements were improper (Commonwealth of Kentucky, Department of Highways v. Sanders, Ky., 396 S.W.2d 781) timely objection was not made, and there was no request that the court admonish the jury to disregard these statements. Appellant insists that we should follow CR 61.02 and consider the statements of counsel even though no objection was made. We find no justifiable reason to do so. Hainline v. Hukill, Ky., 383 S.W.2d 353.

The verdict of the jury does not appear to us to be so excessive, if it is excessive, as to warrant reversal on that claim. Commonwealth of Kentucky, Department of Highways v. Muir, Ky., 412 S.W.2d 231.

Appellant argues that the testimony of appellees' witnesses should have been

stricken because it lacked probative value for the following reasons: (1) One witness did not give any reason for the difference in before and after value, nor did he consider any sales of comparable property. (2) The only factor appellee, Frank Woolum, took into consideration in arriving at the before value of the property was the $16,000.00 he had put into the property since he had purchased it. (3) The other witness considered the interference with the use and enjoyment of the property by reason of interference during construction; the noise that would be caused by the traffic on Interstate 75 though there was no property taken from appellees for the interstate highway or showing that any noise could be heard; and he did not know where the existing right of way line of Main Street was located or exactly how many feet the new right of way line would be from the house.

■ It does not appear from the evidence that appellee, Frank Woolum, relied solely on an improper factor in arriving at his evaluation or that he neglected to take into consideration the fact that since he had expended the $16,000.00 the property had depreciated. The correct procedure where an improper factor can be eliminated from a witness' calculations and the estimate revised accordingly is to request the court to admonish the jury not to consider the improper factor and require the witness to revise his figures and give an opinion on the correct basis. Commonwealth of Kentucky, Department of Highways v. Shaw, Ky., 390 S.W.2d 161. No such request was made.

■ Another witness for Woolum had been acquainted with the values of land in Williamsburg and Whitley County for ten or fifteen years and owned about eight parcels in Whitley County. He had bought and sold about 25 parcels within the past ten years and had appraised for banks, insurance companies, loan companies, individuals, public and private corporations for the last five years. He was familiar with the property involved and had been on the land many times and had viewed it for purposes of appraising the value before and after the taking. He based his opinion on his experience in dealing with property generally. The nearness of the new right of way to the improvements was a dominant factor used by him in fixing the after value. Although he did not cite any sales of comparable property, it was not absolutely necessary for him to do so. Commonwealth of Kentucky, Department of Highways v. Tyree, Ky., 365 S.W.2d 472; Commonwealth of Kentucky, Department of Highways v. Brubaker, Ky., 375 S.W.2d 404; Commonwealth of Kentucky, Department of Highways v. Reed, et al., Ky., 414 S.W.2d 904. (decided May 5, 1967).

The third witness for the condemnee qualified himself to testify as to values. He used sales which he considered comparable to support his estimates.

We find no substantial errors in these proceedings which warrant a reversal.

The judgment is affirmed.

All concur.