**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellant,**

**v.**

**Leo ROSENBLATT and Dorothy Rosen-blatt, His Wife, Appellees.**

Court of Appeals of Kentucky.

June 23, 1967.

Robert F. Matthews, Atty. Gen., H. C. Smith, Sp. Asst. Atty. Gen., Department of Highways, Frankfort, M. T. Quinton, Jr., Madisonville, for appellant.

Clarence Bartlett, Woodward, Bartlett & McCarroll, Owensboro, for appellees.

STEINFELD, Judge.

The Commonwealth sued Leo and Dorothy Rosenblatt in the Hancock County Court to condemn some of their land which the Department of Highways needed for the construction, reconstruction, alteration and relocation of the approach to the Hawesville-Cannelton Bridge, KRS Chapter 177. The Commissioners awarded the owners $2,000.00. KRS 177.083. The Rosenblatts appealed to the circuit court. KRS 177.087. After trial, the jury found that the value of the land before the taking was $27,000.00, the value thereafter was $13,-500.00 and that the Rosenblatts were entitled to recover $13,500.00. Judgment was entered accordingly from which the Commonwealth has appealed.

The land was located at the corner of East Main Street and Clay Street, two improved thoroughfares, in Hawesville, Kentucky. The tract was made up of two lots approximately ½ block distance from the Court House. The corner lot fronted 66 feet on Main Street and extended back an equal distance throughout along Clay Street a distance of 209 feet. The other lot, which we will refer to as the "home lot", had frontage along Main Street of 38½ feet and a depth of 209 feet and was contiguous to the corner lot. Both of these lots extended to an alley which opener onto Clay Street. This alley furnished ingress and egress for vehicles entering and leaving the Rosenblatt property. Located on the corner lot was a house trailer (mobile home) to which had been added an extra room. There were large shade trees, fences and walkways. A concrete walk ran along Main Street in front of the corner lot and the home lot. A grass sidewalk was located along the Clay Street side of the corner lot, and on that side, about 65 or 70 feet from Main Street there was a stone retaining wall which varied in height but the maximum did not exceed six feet.

On the home lot was a two story frame residence containing six bedrooms, a large living room, dining room, kitchen, 2½ baths and some halls. There was a basement under part of the house. A garage was located to the rear of the residence and it and the residence were in good condition. There were large shade trees on and in front of this lot; there were fences and walkways.

On January 5, 1965, the Department of Highways permanently took 3,150 square feet of land out of a total of 23,864 square feet. The portion taken started on Main Street approximately 66 feet from the Clay Street corner and about at the point where the division line between the home lot and the corner lot touched Main Street. The area taken ran in the direction of the corner of the two streets, rounded that corner and then extended along Clay Street to the rear of the corner lot at the alley. The part permanently taken was shaped somewhat like a "boot" with the sole along Main Street, the heel at the Clay Street corner and the top of the "boot" at the alley. The "instep" was the widest part being approximately 30 feet. The "toe" was only inches in depth while the "top" was about 20 feet in width. About 35 feet

of the frontage of the home lot on Main Street was not disturbed.

Certain shade trees on the lots and in the road right of way were destroyed and the old stone retaining wall was removed. This wall was replaced with a concrete retaining wall rising to a height of between eleven and thirteen feet at the alley. Clay Street was destroyed and the alley was closed at the Clay Street end.

In addition to the foregoing the Commonwealth took some land temporarily to be used only during construction.

The Commonwealth complains that the jury heard, and was permitted to consider testimony concerning noncompensable factors, and that all of the witnesses who testified for the Rosenblatts used one or more of those factors in arriving at the values which they testified was the worth of the property. It contends that this resulted in an excessive verdict. The qualification of the witnesses who testified is not in issue.

One of two witnesses who testified for the Commonwealth said that the value before the taking was $18,000.00 and the other $18,500.00. They stated that after the taking the value was $16,000.00 and $16,500.00 with the difference being $2,000.00. The Rosenblatts presented nine witnesses. The highest value stated by any of them before the taking was $39,000.00 and the lowest $28,000.00. The testimony of those witnesses was to the effect that the value after taking ranged from a low of $10,000.00 to a high of $15,000.00. The minimum difference in value which they stated was $15,000.00 and the maximum $29,000.00.

The Commonwealth claims that over its objection these witnesses were permitted to testify to such items as circuity of travel, the value of the property to the owner, restriction of access, re-routing of public highways and loss of trees not on the owners' property. The Commonwealth insists that these elements of damage are legally noncompensable and cites the following cases: Com., Dept. of Highways v. Adkins,

Ky., 396 S.W.2d 768; Com., Dept. of Highways v. Darch, Ky., 374 S.W.2d 490; Com., Dept. of Highways v. Tyree, Ky., 365 S.W.2d 472; Com., Dept. of Highways v. Callihan, Ky., 391 S.W.2d 374; Com., Dept. of Highways v. Carlisle, Ky., 363 S.W.2d 104; Com., Dept. of Highways v. Lanter, Ky., 379 S.W.2d 748; Com., Dept. of Highways v. Scott, Ky., 385 S.W.2d 330.

At the conclusion of the testimony of each of the condemnees' witnesses, counsel for the Commonwealth moved to strike the testimony of that witness or that the witness be required to revise his figures by eliminating the improper factors which he had used and to give an opinion based on permissible factors alone. Com., Dept. of Highways v. Shaw, Ky., 390 S.W.2d 161. The motions were overruled, except that at the conclusion of the testimony of one of them, when the attorney for the Commonwealth objected, the court admonished the jury not to consider loss of accessibility or inconvenience, or the loss of shade trees not on either of the two lots. When all of the evidence had been presented that attorney again moved the court to strike the testimony of all the witnesses who testified for the Rosenblatts again relying upon Com., Dept. of Highways v. Shaw, supra. The motion was overruled but the court admonished the jury as follows:

"Gentlemen of the Jury, it appears maybe our plan of introduction of evidence has changed to some extent—Gentlemen, you will not consider any evidence as to the availability of this lot, or the inconvenience that these people might have by a change of the passage ways in to that property. Disregard the evidence that has been introduced on that subject and give it no consideration whatever. Likewise, gentlemen, you will not consider the loss of the shade trees, unless they were on the property of Mrs. Rosenblatt. If they were on and an integral part of their estate down there, then you will consider the loss of those trees, but not otherwise."

It will be observed that the admonition did not have the effect of striking the testimony of the witnesses as to values. The witnesses were not required to revise their figures. Com., Dept. of Highways v. Woolum, Ky., 415 S.W.2d 83 (decided May 12, 1967).

We have carefully examined the testimony of each and every witness presented by the Rosenblatts. Without exception, we find that each witness used legally noncompensable factors in determining the before taking or the after taking value. The main consideration seems to have been the change that was made in the access of the land to and from the streets and alley and the resulting circuity of travel. After the taking there was approximately 35 feet frontage on Main Street which gave to the Rosenblatt property reasonable access. Loss of access is not legally compensable and resulting damage cannot be attributed thereto as long as the property owner retains reasonable means of access. Com., Dept. of Highways v. Lawton, Ky., 386 S.W.2d 466; Sloan v. Com., Dept. of Highways, Ky., 405 S.W.2d 294. "If it appears that the landowner will be subjected merely to circuity of travel (within reasonable limits) * * *" this circumstance may not be considered "in arriving at the reduced value of the remaining property." Com., Dept. of Highways v. Adkins, Ky., 396 S.W.2d 768. It was error not to sustain the motions to either strike testimony or require the witness to revise their estimate after eliminating improper factors.

The Commonwealth claims that the verdict was excessive but since we are reversing on other grounds it is unnecessary that we consider that question.

The judgment is reversed for a new trial consistent with this opinion.

All concur.