COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

Janie Wall WEST and Samuel West, Her Husband, Appellees.

Court of Appeals of Kentucky.

Jan. 19, 1968.

As Modified on Denial of Rehearing Oct. 18, 1968.

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Frankfort, Richard Weisenberger, Paducah, for appellant.

J. A. Gregory, Jr., Hughes & Gregory, Murray, for appellees.

STEINFELD, Judge.

The Commonwealth condemned a part of the land belonging to appellees, Janie and Samuel West, for the purpose of acquiring the right of way for the rerouting of U. S. 461 between Benton and Murray, Kentucky. The jury awarded the appellees $17,-000.00 for the taking of a strip 45 by 210 feet. From the judgment entered for that amount the Commonwealth appeals. We reverse.

Appellees were the owners of a 210 foot square unimproved vacant parcel of land within the city of Murray, Kentucky. It is one city block from Murray State University and a like distance from a shopping center. Across the streets on the other three corners are an automobile service station, an automobile sales company and the Ellis Popcorn Company. At the intersection where the land is located the traffic was controlled by a four way stop before and after the new highway was constructed. The south side of the parcel fronts Chestnut Street and the east side is on a 12 foot wide gravel road leading to the city dump. The Commonwealth condemned land having frontage along the gravel road and being 44.37 feet wide at Chestnut Street and 45.48 feet in width at the rear. The rerouted U. S. 461 now parallels the east side of appellees' land replacing the gravel road. The remainder of the lot has frontage of 165.63 feet on Chestnut Street and 210 feet on the new U. S. 461.

Before the taking no restrictions with respect to access were imposed on the Chestnut or gravel road frontages. The Commonwealth admits that under its regulations the access along U. S. 461 will be limited to a width not exceeding 50 feet. The owners say that these regulations limit the size of any entranceway to 25 feet.

All witnesses agreed that the highest and best use of the property was for commercial purposes.

The jury found that the fair market value of the land before the taking was $55,000.00 and the value after the taking was $38,000.00; that the difference was $17,000.00. Com., Dept. of Highways v. Sherrod, Ky., 367 S.W.2d 844 (1963).

The witnesses for the owners admitted that in fixing the values they considered that there were 210 feet of access to the gravel road before the taking and that after the taking the access along the new highway would be limited to either 25 or 50 feet. The Commonwealth's first argument is that "the trial court erred in allowing the landowners' witnesses, over objection, to consider loss of access as a damage factor." Sloan v. Com., Dept. of Highways, Ky., 405 S.W.2d 294 (1966). It relies heavily on Com., Dept. of Highways v. Carlisle, Ky., 363 S.W.2d 104 (1962), in which we said:

"Coming now to the matter of true access rights, it is our opinion that the only access right the landowner has is a right of reasonable access to the highway system. * * * Where the state

undertakes to limit access under the police power it seems to us that the measuring of benefits against hazards must be done on the basis of present use of the property rather than prospective future use. If the owner devotes his property to a use which requires substantial access before the highway conditions become so hazardous as to create a need for limiting the access, the owner's rights weigh heavy in the measuring balance. But if the highway becomes hazardous at a time when the land is unoccupied, the owner's right to develop the land for a use requiring substantial access must yield. * * * An important consideration, we think, is that where the owner desires to use his property for commercial purposes it is the existence of the highway that gives the property its commercial value. In our opinion an abutting owner who has not yet devoted his property to a commercial use, but who claims a commercial value by reason of the highway, must yield to the public interest if the highway form or use in the meantime becomes such as to require limitation of access in the interest of public safety."

■ Carlisle is distinguishable from the case now before us. There it was "decided on the basis that the access rights were in fact condemned." Com., Dept. of Highways v. Denny, Ky., 385 S.W.2d 776 (1964). The Commonwealth had alleged that "the defendants shall have no right to ingress or egress to or from their remaining property to or from the proposed highway", therefore, we held that "* * * so there is no escape in the instant case from the result which pays the landowner for rights that he did not fully have." In the pending case *land, not access rights,* was the thing condemned. Nevertheless, Carlisle stands for the proposition that land acquires commercial value by reason of streets or highways or a combination of them, without which such commercial value would not exist. The Wests' proper-

ty now being condemned is located in the city of Murray, therefore, it was subject to the police power of the governments having jurisdiction over it. The city of Murray, acting under the police power, had authority to control the access ways to and from the property. Bowling v. City of Somerset, Ky., 333 S.W.2d 769 (1960). When the Commonwealth acquired the land for a highway the supervision of access along that highway passed to it. Com., Dept. of Highways v. Carlisle, supra.

■ The valuation witnesses who considered loss of access used a noncompensable factor. Comm., Dept. of Highways v. Lawton, Ky., 386 S.W.2d 466 (1965); Comm., Dept. of Highways v. Rosenblatt, Ky., 416 S.W.2d 754 (1967). Objection timely made by counsel for the Commonwealth should have been sustained, and that testimony excluded or the witnesses have been required to re-evaluate after eliminating loss of access considerations. Comm., Dept. of Highways v. Shaw, Ky., 390 S.W.2d 161 (1965); Comm., Dept. of Highways v. Cammack, Ky., 408 S.W.2d 615 (1966); Comm., Dept. of Highways v. Woolum, Ky., 415 S.W.2d 83 (1967); Comm., Dept. of Highways v. Rosenblatt, Ky., 416 S.W.2d 754 (1967).

The landowners rely heavily on Commonwealth, Department of Highways v. Adkins, Ky., 396 S.W.2d 768 (1965), maintaining that under its authority the question of reasonableness of access is one of fact on which proof must be taken. As we understand Adkins its holding is that proof may be taken as to what will be left in the way of access—not that witnesses may give their *opinion* as to whether the remaining access is reasonable. In the instant case the extent of remaining access was not in serious question, and that access was as a matter of law reasonable under the holding in *Carlisle.*

The Commonwealth claims that the verdict is excessive but since we are reversing

on other grounds it is unnecessary that we consider that question.

The judgment is reversed.

WILLIAMS, C. J., and MONTGOMERY, MILLIKEN and HILL, JJ., concur.

OSBORNE, J., not sitting.