**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

**v.**

**Claude NOE et al., Appellees.**

Court of Appeals of Kentucky.

March 29, 1968.

Robert Matthews, Atty. Gen., Frankfort, H. C. Smith, Asst. Atty. Gen., Frankfort, Eugene H. Clark, Dist. Atty., Robert E. Cato, Dept. of Highways, Manchester, for appellant.

Joseph K. Beasley, Harlan, for appellees.

STEINFELD, Judge.

Appellees, Claude Noe, and Margaret Noe, his wife, were the owners of a tract of land which contained 2.04 acres located about 6½ miles north of Harlan in Harlan County, Kentucky. The property fronted on old U. S. Highway 119 for approximately 360 feet and had an average depth of 250 feet. It was fairly level and generally four feet below the grade of the road. The improvements consisted of five residences, several out buildings and a one story frame building 24 x 47 feet which housed a grocery. In front of the grocery store were two gas pumps.

For the relocation of U. S. Highway 119 the Commonwealth of Kentucky, through the Department of Highways, condemned approximately 0.16 acre of the northwest corner of the Noe tract. On the part taken was the grocery store building and an outside toilet. A temporary easement to expire at the end of the construction period and covering approximately 1,400 square feet also was taken. The relocation of the highway caused the old road to dead end a short distance from the Noe property. To reach the new highway required a journey of approximately one quarter mile although there was little change in access to the old road.

The commissioners appointed in the county court reported that the owners were entitled to $6,500.00. Judgment was entered accordingly from which both parties appealed. In the circuit court the jury was instructed according to the law announced in Com., Dept. of Highways v. Sherrod, Ky., 367 S.W.2d 844 (1963) and found that the value of the entire tract before the taking was $40,000.00; that the value of the remainder after the taking was $32,000.00 and that the owner was entitled to $8,000.00 including the value, if any, of the temporary easement.

Judgment pursuant to that verdict was entered from which the Commonwealth appealed. We affirm.

The parties and witnesses testified to values as follows:

"FOR APPELLANT

| Witness | Before | After | Difference |
|---------|--------|-------|------------|
| Tom Turner | $40,900 | $36,300 | $ 4,600 |
| Arthur Green | 39,800 | 36,000 | 3,800 |

FOR APPELLEES

| | Before | After | Difference |
|---|--------|-------|------------|
| Claude Noe | $43,000 – 45,000 | $23,000 – 25,000 | $20,000 |
| Charlie Saylor | 38,000 – 40,000 | 20,000 – 22,000 | 18,000 |
| John Keller | 45,000 | 22,500 | 22,500 |
| Mr. Browning | 40,000 – 45,000 | 20,000 | 20,000 – 25,000 |
| Mary Elizabeth Saylor | 38,000 – 40,000 | 22,000 – 25,000 | 16,000 – 15,000 |
| Mr. Manning | None Given | | |
| JURY VERDICT | $40,000 | $32,000 | $ 8,000" |

To obtain a reversal, among other contentions urged in this appeal, the Commonwealth says that the court erred in overruling its motion to strike the testimony of several witnesses when that testimony was based upon a number of improper factors. It insists that in fixing after taking values the landowners' witnesses relied on loss of access, circuity of travel, loss of business, inconvenience, relocating and dead ending of the old road. To support this argument we are referred to City of Louisville v. Kerr, Ky., 403 S.W.2d 30 (1966); Com., Dept. of Highways v. Jackson, Ky., 302 S.W.2d 373 (1957); Com., Dept. of Highways v. Raybourne, Ky., 364 S.W.2d 814 (1963); Com., Dept. of Highways v. Slusher, Ky., 371 S.W.2d

851 (1963); Com., Dept. of Highways v. Herndon, Ky., 378 S.W.2d 620 (1964); Com., Dept. of Highways v. Fancher, Ky., 390 S.W.2d 164 (1965) and Com., Dept. of Highways v. Gardner, Ky., 413 S.W.2d 80 (1967).

 The Commonwealth objected to the testimony which it considered improper and moved "the court to strike the evidence of each witness, or in the alternative to require him to reevaluate his estimates of value, and remove the improper factors  *  *  *". This is the appropriate procedure. Com., Dept. of Highways v. Shaw, Ky., 390 S.W. 2d 161 (1965); Com., Dept. of Highways v. Cammack, Ky., 408 S.W.2d 615 (1966); Com., Dept. of Highways v. Woolum, Ky., 415 S.W.2d 83 (1967) and Com., Dept. of Highways v. Rosenblatt, Ky., 416 S.W.2d 754 (1967). The court overruled each objection.

Of course complete loss of access is a compensable factor. Com., Dept. of Highways v. Denny, Ky., 385 S.W.2d 776 (1964); Com., Dept. of Highways v. Dotson, Ky., 405 S.W.2d 30 (1966) and Com., Dept. of Highways v. Claypool, Ky., 405 S.W.2d 674 (1966). The plans for the highway showed clearly that access to the old road was not lost and reasonable access to the new highway was provided.

Circuity of travel may not be considered in the type of case we have before us. Com., Dept. of Highways v. Rosenblatt, Ky., 416 S.W.2d 754 (1967).

There was no testimony concerning loss of business. The witness considered the loss of the business location as it affected the remainder of the land. The inconvenience referred to was that which will be encountered by tenants and the effect it will have on the rentability of the residences.

Discussing these factors is unnecessary, for whether they were improper or not the jury verdict which was so modest, compared to the differences in values expressed by appellees' witnesses, convinces us that the jury discounted the improper factors, therefore, the Commonwealth was not prejudiced. Com., Dept. of Highways v. Heath, Ky., 354 S.W.2d 752 (1962) and Com., Dept. of Highways v. Wilder, Ky., 412 S.W.2d 255 (1967).

The other contention is that the verdict was excessive. We do not find it so.

The judgment is affirmed.

All concur.