COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Gex DIUGUID et al., Appellees.

Court of Appeals of Kentucky.

July 2, 1971.

Don Duff, Dept. of Highways, Frank-
fort, John J. Blackburn, Robert Lee Hall,
Dept. of Highways, Covington, for appel-
lant.

J. F. Thomas of Thomas & Thomas, New
Castle, for appellees.

DAVIS, Commissioner.

The Commonwealth, Department of
Highways, appeals from a judgment in a
condemnation suit which awarded the ap-
pellee property owners $43,875 for proper-
ty taken for highway purposes. The sole
argument is that the evidence lacked suffi-
cient probative value to support the award.

The project for which the property was
taken was the widening and reconstruction
of U.S. Highway No. 227 in the City of
Carrollton, changing it from a two-lane
highway, with no curbs or gutters, to a
four-lane highway with a median and with
curbs and gutters. The appellees' 4.73-acre
tract, occupied by a large tobacco ware-
house and a restaurant, fronted on the
highway for a distance of 412 feet. The
fronts of the buildings were 21 to 25 feet
from the edge of the right of way. The
main truck entrance to the warehouse was
in the front, although the warehouse also
abutted on a side street. The area between
the buildings and the highway was used
for parking customers' trucks and cars.

Taken by the condemnation was a strip
11 to 12 feet wide across the entire front
of the appellees' tract. This left the build-
ings only nine feet from the edge of the
new right of way. Because of the narrow-
ness of this space and because of the con-
struction of curbs, parking space on the
appellees' tract in front of the warehouse
no longer was available. The testimony
for the warehouse owners was that by rea-
son of the lack of parking space, trucks
could not be lined up in front of the ware-
house to be checked in and out, and there-
fore the warehouse could not be operated
efficiently without grading and surfacing a
parking area in the back of the warehouse
and constructing a back entrance.

The witnesses for the Commonwealth estimated the "before" value at from $230,000 to $240,000, and the "after" value at from $228,000 to $235,000, for a difference of from $2,000 to $5,000. The witnesses for the landowners put the "before" value in the range of $360,000 and the "after" value in the range of $260,000, for a difference of $100,000. The jury fixed the "before" value at $294,500 and the "after" value at $250,625, awarding $43,875 as damages for the difference in value.

The witnesses for the appellees, in explaining their opinions in support of a reduction of $100,000 in the market value of the property, repeatedly referred to the fact that traffic proceeding along reconstructed U.S. 227 toward Carrollton would be required to take a more circuitous route into the warehouse than would have been so before the reconstruction of the highway. This condition will prevail because the new route is a four-lane artery with a mountable median separating the westbound and eastbound traffic lanes.

█ The thrust of the evidence in behalf of the property owners was that the lack of parking as it existed before the highway was widened and redesigned, considered with the change in the flow of traffic and the inconvenience which will confront vehicles attempting to enter the warehouse, will greatly alter the method of operating the venture and require much change by the property owners. It is well established that reasonable restriction of access, rerouting of public highways, and circuity of travel occasioned thereby are legally not compensable. See Commonwealth, Department of Highways v. Rosenblatt, Ky., 416 S.W.2d 754, and the several cases supporting that rule cited at page 756 of the opinion. Compare Commonwealth, Department of Highways v. Claypool, Ky., 405 S.W.2d 674.

█ From a reading of the entire record, considered with the repeatedly overruled objections and motions to strike made in behalf of the appellant, it becomes apparent that the intermingling of compensable and noncompensable elements pervaded the entire procedure. It is not possible to separate the wheat from the chaff. In these circumstances, the evidence for the landowners lacks sufficient probative value to sustain the verdict and consequent judgment.

The judgment is reversed with directions to grant appellant a new trial.

EDWARD P. HILL, Jr., NEIKIRK, OSBORNE, and STEINFELD, JJ., concur.

REED, J., dissents.

REED, Judge (dissenting).

Any reasonably competent attorney who can make any sense of or discern any consistency in this court's treatment of the impact of the destruction of access, particularly to a type of going business to which free vehicular access is critical, has my sincere admiration. I certainly cannot. This court has simply retried this case, disbelieved the landowner's witnesses, and branded the jury as biased. I will await the results of the next appellate trial. Perhaps then the location or the activity will be less suspect, or the witnesses will meet the yet unstated standard of credibility.