**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellant,**

**v.**

**Bruner ARNETT et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 15, 1965.

As Modified on Denial of Rehearing May 6, 1966.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Edmond H. Tackett, Dept. of Highways, Pikeville, for appellant.

Earl R. Cooper, Marcus Mann, Salyersville, for appellees.

CLAY, Commissioner.

In this highway condemnation case the jury awarded the landowners $25,000. Appellant's principal contention is that the valuation testimony was incompetent.

Appellees owned a farm of approximately 200 acres which was bisected by Kentucky Highway 134. For the building of the new highway the Commonwealth took 12 acres through the farm, which left 105 acres on one side and 83 on the other. The new road will deprive appellees of direct access from the part of the farm on which there are improvements to the other part which consists of the best farmland.

There is no real controversy about the before value of this farm. As a matter of fact, the Commonwealth's only valuation witness fixed the before value at $78,700, which was higher than that fixed by all but one of appellees' four witnesses, including one of the owners. The Commonwealth also concedes the bottom land had a fair value of $1,000 an acre, which would justify at least a $12,000 difference in before and after value by reason of the taking of 12 acres. Its basic contention is that the landowners' witnesses fixed an unreasonable after valuation of the land not taken, based upon noncompensable or irrelevant factors.

■ The Commonwealth contends that appellees' witnesses put specific price tags on the improvements on the property, such as a house, barns and outbuildings. This was brought out by cross-examination. It is unnecessary for us to decide whether this breakdown of overall valuation was proper under our decisions in Commonwealth, Dept. of Highways v. Stamper, Ky., 345 S. W.2d 640; Commonwealth, Dept. of Highways v. Cardinal Hill Nursery, Ky., 380 S.W.2d 249; and Commonwealth, Dept. of Highways v. Wireman, Ky., 388 S.W.2d 606. This evidence related only to the before value of the farm, and as we have above noted, the Commonwealth's quarrel is only with the after valuations. There was no prejudicial error in the court's ruling on this testimony.

With respect to after values, the landowners' witnesses attributed a substantial impairment in the value of 31 acres of bottom land to the fact that direct access to it from the part of the farm on which were the improvements was completely cut off by the new highway. As a result of the taking and the building of a new road, the landowners would be required to take a circuitous route of approximately a mile from the improved part of their land to the other part lying directly across the highway. Appellees' witnesses testified that the impairment of access from one part of the farm to the other part reduced the value of the bottom land from $1,000 an acre to $300 an acre. Those witnesses admitted that this reduced the value of the affected bottom land 70 percent and the Commonwealth complains that it was improper to put the damages on a percentage basis. We do not understand how a calculation based on the figures given, which shows a percentage impairment, thereby makes the evidence incompetent.

The opinions of appellees' witnesses were not based upon the loss of access to a highway from the severed bottom land but were based upon the depreciation in the overall value of the farm by reason of its loss of unity. While the bottom land retained its productivity, it substantially lost its utility in relation to the principal part of the farm. At least appellees' witnesses gave this as a reasonable basis for the 70 percent reduction in the value of the relatively inaccessible bottom land. In Commonwealth, Dept. of Highways v. Burns, et al., Ky., 394 S.W.2d 923, it was said:

"We think it should be made clear that in situations such as here presented, where a farm has been severed into separate parcels, the 'after' value should be based solely on what exists after the taking, without regard to what existed before the taking; the question is not how much did the taking do by way of damage to the original farm, but what was the value of the farm before the taking and what is the value of the parcels that remain. The fact that the separate parcels into which the farm has been split cannot

feasibly be operated as a single unit has no relevance except as may be given as a value-affecting factor by a witness who testified that the separated parcels would bring less on the market, sold as separate parcels, than they would bring if they could be sold as a single unit."

While the landowners' witnesses did not specifically compare unit value with separate-parcel value, a proper inference from their testimony is that the land remaining after the taking would have its best use and value as a single farm. Their testimony was certainly not incompetent because based upon this unit value. It may be observed that the Commonwealth in this case, as in others we have considered recently, failed to cross-examine the landowners' witnesses concerning possible separate-parcel valuations, and it did not show by its own witnesses that such valuations would aggregate more than the unit valuation which took cognizance of cross-over difficulties. In the absence of some contrary evidence on this question, it may be assumed that a witness, basing his opinion upon the single-unit theory, is in effect testifying that such criterion is the best guide to the highest after value of the segregated lands. The language quoted above from the Burns case should not be so narrowly construed as to *require* witnesses specifically to compare alternate unit and separate-parcel valuations.

We find no error in the instructions as the case was tried before Commonwealth, Dept. of Highways v. Priest, Ky., 387 S.W.2d 302.

The final contention is that the damages are excessive. They do not so impress us because they are amply supported by competent evidence.

The judgment is affirmed.

MONTGOMERY, J., dissents on the ground that the verdict is excessive.