**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellant,**

v.

**Winthrop H. HOPSON, Jr., et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 26, 1965.

Robert Matthews, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Richard H. Peek, Dept. of Highways, Paducah, for appellant.

Ben B. Wright, Cadiz, for appellees.

CULLEN, Commissioner.

The Commonwealth of Kentucky, Department of Highways, condemned a strip of land across the farm of Winthrop Hopson and wife, between the dwelling and the barn, for an *un*limited access highway. The result of the condemnation proceedings was a circuit court judgment awarding damages of $14,000, from which judgment the Commonwealth has appealed.

■ Over repeated objections the trial court permitted each of the witnesses for the landowners, on direct examination, after stating his estimates of "before" and "after" values, to itemize in detail the "damages" to the farm, putting a price on each item. We have kept saying that this is improper. See Commonwealth, Dept. of Highways v. Stamper, Ky., 345 S.W.2d 640; Commonwealth, Dept. of Highways v. Tyree, Ky., 365 S.W.2d 472; Commonwealth, Dept. of Highways v. Sherrod, Ky., 367 S.W.2d 844; Commonwealth, Dept. of Highways v. Cardinal Hill Nursery, Ky., 380 S.W.2d 249.

■ We are reversing the judgment because of the error in permitting the witnesses, on direct examination, to put prices on "damage" factors.

For guidance upon another trial we shall comment briefly on three other questions raised on the appeal.

■ The landowner should not be permitted to testify as to market values unless he qualifies in accordance with the holding in Commonwealth, Dept. of Highways v. Fister, Ky., 373 S.W.2d 720.

The matter of damages attributable to severance of the farm should be handled as set forth in Commonwealth, Dept. of Highways v. Burns, Ky., 394 S.W.2d 923 (decided July 2, 1965).

 In our opinion the impropriety of putting a special value on the "corner lot" at the intersection of Ky. 1254 with old U.S. 68 was not that there was a duplication of damages, but rather that the loss of the corner lot was due to *relocation* of the highway (a noncompensable factor). Furthermore, it appears that the landowners will have *new* corner lots where new U.S. 68 intersects Ky. 1254.

The judgment is reversed for further proceedings in conformity with this opinion.