**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellant,**

**v.**

**Mary C. HOPSON, Widow, et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 17, 1965.

Robert Matthews, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Richard H. Peek, Paducah, for appellant.

Ben B. Wright, Cadiz, for appellees.

CULLEN, Commissioner.

The Commonwealth of Kentucky, Department of Highways, appeals from a judgment awarding the appellee landowners $4,250 as the difference in the market value of their farm attributable to the condemnation of 5.5 acres of the farm for widening of an unlimited access highway.

■ We are reversing the judgment for the same reason as in Commonwealth, Department of Highways v. Hopson, Jr., et al., Ky., 396 S.W.2d 805 (decided November 26, 1965); i. e., the court erroneously permitted the landowners' witnesses, over objection, to put price tags on "damage" factors.

■ Further reversible error was committed in permitting the landowners' witnesses to assign substantial damages to an impeding of future direct access, because of a ditch on the right of way, from the highway to a particular area of the farm (to which no access had been enjoyed prior to the condemnation). See Commonwealth, Department of Highways v. Denny, Ky., 385 S.W.2d 776.

■ While the amount of the verdict is only some $1,600 to $2,000 above the amount

of damages estimated by the Commonwealth's witnesses, we cannot say that this amount is so trivial as to warrant treating the errors as being nonprejudicial. (The commissioners' award in county court was only $545.)

The judgment is reversed with directions to grant a new trial.

PALMORE, Judge (dissenting).

This is another of those cases in which the actual amount in controversy is less than $2500, though it is disclosed by the evidence and not by the pleadings and judgment. Thus it is only through technicality that the appeal is allowed as a matter of right. Had it been required to come before us on a motion for appeal the motion would have been considered from the standpoint of whether the case presents any unusual or important issues on which an opinion by this court might be of particular service to the bench and bar. This case does not present any such issues, and I would affirm summarily.