**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**Nat S. KING, Jr., et ux., Appellees.**

Court of Appeals of Kentucky.

March 11, 1966.

———◆———

Robert Matthews, Atty. Gen., H. C. Smith, Frankfort, Reed D. Anderson, Madisonville, Robert L. Hall Paducah, for appellant.

Calvin Ray Robinson, David C. Brodie, Owensboro, for appellees.

HILL, Judge.

This appeal is from a verdict and judgment for $3,000 in a condemnation proceeding to acquire a strip of land 7 by 70.75 feet from the front of appellees' residence lot at 2203 East Fourth Street in Owensboro, Kentucky. The land is needed for the improvement of highway U. S. 60.

The lone argument relied on for reversal is in these words: "The verdict is not supported by any evidence of probative value."

■ Although appellant does not contend in its brief in so many words that the amount of the verdict is excessive, this is one of the errors assigned in its motion and grounds for a new trial. This court has followed the rule that on prosecution of an appeal from a verdict and judgment wherein any ground is argued for reversal it will be assumed that the appellant by implication contends the verdict is excessive. Commonwealth, Department of Highways v. Parker, Ky., 388 S.W.2d 366 (1965).

Appellees were awarded $427.32 by the commissioners appointed by the county court. Thomas Laswell, a local real estate appraiser, fixed the difference in the "before" and "after" value of the property from which the strip is taken at $400. Appellees' five witnesses assessed the difference in amounts ranging from a low of $2,750 to $5,000.

■ The thrust of appellant's argument is directed at the probative value of appellees' evidence because, as it is contended, the witnesses are not in accord as to the distance from the brick residence building to the new right-of-way line. The complaint describes the additional right-of-way sought to be a strip 7 feet wide and extending 70.75 feet, the entire width of the lot. There was considerable confusion among all witnesses, including appellant's, as to the distance from the house to the edge of the proposed sidewalk and curb. A large part of this confusion resulted from the difference in the point from which the measurements began. There is an offset at the front of the building and some steps. Some of the witnesses started measuring from the step nearest the highway, some from the offset of the wall of the building, and some from the back of the steps. These inconsistencies are not important. Appellant's witness Harold Ravlett, a civil engineer, stated that appellant was "going to move the highway in toward the house approximately eight (8) feet." Appellees' witness J. Andrew Hardesty fixed this distance at seven feet, which is more favorable to appellant than its own witness. It is concluded the trial court committed no error in overruling appellant's motion to strike the evidence complained of.

There remains the question: Is the verdict excessive? The lot runs back a distance of 300 feet and contains 21,225 square feet. Only 495.25 square feet or 2.3 percent of the entire lot is taken, yet the amount of the verdict represents 13.3 percent of $22,500, the "before" value fixed by the jury. There is very little difference in the "before" value fixed by all witnesses, including appellant's.

The only improvements affected by the taking is a hedge at the front of the lot.

It may be said that the closer the location of a highway right-of-way is to a residence the greater the depreciation of its market value. Appellees' front lot contains more than eight such strips, seven feet in width, and still has some land left over. At the rate of $3,000 for each seven foot strip, the front yard would amount to $24,-000, which is more than the average of "before" value fixed by appellees' five witnesses.

It is concluded the amount of the verdict is palpably excessive. Commonwealth, Department of Highways v. Tyree, Ky., 365 S.W.2d 472 (1963).

The judgment is reversed with directions to grant appellant a new trial.

MOREMEN, C. J., and PALMORE and MILLIKEN, JJ., dissent.

PALMORE, Judge (dissenting).

Of all the valuation problems that arise in condemnation cases, it seems to me that the question of how much depreciation in value will be suffered by residential property through the street's being moved closer to the house comes about the nearest to being a matter of pure guesswork, in which a court should have the greatest reluctance in substituting its own opinion for that of a jury. I do not believe we should do so in this case and again, as in Commonwealth, Dept. of Highways v. Merriman, Ky., 392 S.W.2d 661, 662 (1965), I must challenge the logic of comparing the square footage of the strip taken with the remaining area.

MOREMEN, C. J., and MILLIKEN, J., concur in this dissent.