**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Alma FRAZIER et al., Appellees.**

Court of Appeals of Kentucky.

June 24, 1966.

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Frankfort, L. D.

May, May & May, Pikeville, Foster J. Collis, Jackson, for appellant.

Cordell H. Martin, Hindman, Rudy Yessin, Smith, Reed, Yessin & Davis, Frankfort, for appellees.

WILLIAMS, Judge.

The Commonwealth of Kentucky, Department of Highways, found it necessary to condemn about five and one-half acres of appellees' land for the construction of a portion of a public highway. A Magoffin Circuit Court jury awarded the appellees a verdict of $8,000. From a judgment entered on that verdict this appeal is prosecuted.

The appellees' farm consisted of approximately 175 acres, eight of which were tillable bottom land and the remainder hill land. The farm was two and one-half miles from Salyersville and was serviced by a gravel road to the nearest surfaced road a mile and one-half away. There were oil and gas wells on the property which were not affected by the taking, nor were the timber or improvements affected in any way.

About four acres of bottom land and one and one-half acres of the hill land were taken. The remaining four acres of bottom land were divided into three tracts. Three access roads were provided to the new highway.

The appraisal witness for the Commonwealth testified that the difference in value of the property before and after the taking was $1,825. One appraisal witness for the landowners testified the before value was $28,000 and the after value $13,000, making a difference of $15,000. The other appraisal witness for the landowners testified the before value was $25,000 and the after value $12,000, making a difference of $13,000. The before value of the landowners' witnesses was based on their personal knowledge of property values in the vicinity and on a sale of nearby property, which they alleged to be comparable. Although no adjustment was made in the sale price of the neighboring property because the sale was consummated shortly before the trial of this action and after it became known a new highway would soon service the property, the Commonwealth makes no complaint concerning the value ascribed to appellees' property before the taking. We accept it consequently as being substantiated. However, the after value placed upon the property by both of appellees' witnesses was based upon no reasonable assumption by the witnesses. For example, when questioned concerning the after value, one of the witnesses stated that he did not think the remaining bottom land had any value. Even if that were so, it would not justify a reduction of over 50 per cent of the value of the entire property.

Bear in mind that the overall appraisal included the timber and the oil and gas wells, as well as the improvements. None of those items was affected by the taking. It is significant that after construction of the new highway the property will be served by three access roads. It is also interesting to note that the appellees had their property assessed for $360. Magoffin County was assessed at a six to one ratio. Applying the ratio to the assessed value, the property was valued for tax purposes by the appellees at $2,160.

We are of the opinion that the after taking value of the property and the difference in value as testified to by the appellees' appraisal witnesses was not based on evidence of sufficient probative value. The jury consequently had no proof before it from which a verdict in the amount of $8,000 could be substantiated. Commonwealth, Department of Highways v. Tyree, Ky., 365 S.W.2d 472 (1963), and Commonwealth Department of Highways v. Gearhart, Ky., 383 S.W.2d 922 (1964).

The judgment is reversed.