**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellant,**

**v.**

**Mitchell DOTSON et al., Appellees.**

Court of Appeals of Kentucky.

July 1, 1966.

Robert Matthews, Atty. Gen., Wm. A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Edmond H. Tackett, Pikeville, for appellant.

Clifford B. Latta, Burl Wells Spurlock, Prestonsburg, for appellees.

WILLIAMS, Judge.

Appellant, Commonwealth of Kentucky, Department of Highways (hereinafter called Department), condemned a strip of land off the front of appellee Mitchell Dotson's property for the purpose of constructing a portion of the Mountain Parkway exten-

sion. A jury in the Floyd Circuit Court returned a verdict in the amount of $13,500. From a judgment entered on that verdict this appeal is prosecuted.

Dotson's 175-acre farm is located about six miles from Prestonsburg. Prior to the taking he had access to Highway 114 by way of a private lane which crossed Middle Creek. He had constructed a concrete ford across the creek which was passable virtually every day of the year.

The new highway was constructed along the bed of Middle Creek, and a new 40-foot creek channel was made between the highway and Dotson's new property line. As a result, the Department owns land on both sides of the creek, which includes a 20-foot strip between the new creek channel and Dotson's new property line. The construction of the highway, of course, destroyed Dotson's ford across Middle Creek.

It was stipulated in the complaint filed in Floyd Circuit Court that the Department would provide an approach ramp from the new highway down to the edge of the new creek channel. Dotson is left with the right of access to the 20-foot strip of land the Department owns on his side of the creek. The new creek channel is not fordable; thus, to gain physical access to the approach ramp, it will be necessary to build a bridge across the creek.

The appraisal witnesses for the Department did not consider loss of access in their calculations of after value of the Dotson property. It is argued that Dotson has access to the 20-foot strip of land adjacent to his property and, consequently, he has access to the highway system. Commonwealth, Department of Highways v. Carlisle, Ky., 363 S.W.2d 104 (1962), is cited as authority for the proposition that the landowner is entitled only to reasonable access to the highway system. But in Commonwealth, Department of Highways v. Adkins, Ky., 396 S.W.2d 768 (1965), we pointed out that a landowner cannot be deprived of *reasonable* access without just

compensation. If the facts show he is not left with reasonable access he is entitled to be compensated for the diminution in value resulting to his property. It would be futile, for example, to permit a landowner access to property owned by the Highway Department but separated from the highway by a wall 40 feet high. That is the situation here. The landowner has access to the Department's strip of land on the one side of the creek, but he is separated from real physical access to the highway by a 40-foot creek lying between him and the approach built by the Department.

 The loss of physical access should have been taken into consideration by the Department's appraisal witnesses, and failure to do so deprives their testimony of full persuasive value.

The Department complains that some of the witnesses for appellees used factors in making their appraisal which were improper, and that their testimony should have been stricken. It is admitted by appellees that some items were included by their witnesses which should not have been considered, but many of the same items were also used by the Department's witnesses in arriving at appraisal estimates. Technically speaking, some of the testimony of witnesses for each side should have been stricken, and had there been no other proof offered in this case failure to strike would have been prejudicial.

 There was another witness for appellees, however, who was well qualified as a real estate appraisal expert. He made an appraisal of what the property was worth prior to the taking, what it was worth after the taking, and what the difference in value was between the two. He did not attempt to make an estimate of the value of the individual items located on the property, nor of the value of the strip of land taken, nor of damage to the property remaining after the taking. He did make his appraisal and his testimony was offered as was directed in Commonwealth, Department of Highways v. Sherrod, Ky., 367 S. W.2d 844 (1963). The jury obviously ignored the erroneous testimony of the other witnesses and accepted his exact figures for the verdict. In view of the circumstances, we do not feel that either party was prejudiced by failure to strike the portions of the testimony of other appraisal witnesses which were incompetent but which related only to minor items.

It was established that Dotson would have to build an exit across the Department's 20-foot strip, and a bridge across the creek before he could reach the ramp to the highway. Without doing that, he is completely without physical access to the highway. Consequently, we do not feel the jury's verdict was excessive.

Judgment affirmed.