**W. E. PROCTOR et al., Appellants,**

v.

**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellee.**

Court of Appeals of Kentucky.

March 3, 1967.

Blakey Helm, Helm, Eddleman, Flanery & Jay, Louisville, for appellants.

Robert Matthews, Atty. Gen., H. C. Smith, Frankfort, E. Preston Young, Louisville, for appellee.

CLAY, Commissioner.

In this condemnation case the landowners appeal, claiming errors committed during the trial in the circuit court.

Appellants owned a 10-acre tract of land on the east side of Preston Street Road in Jefferson County. It was unimproved, undeveloped and uncleared, and it was covered with underbrush and trees. Appellants had owned the property for 40 years and had not used it for any purpose. It was zoned for residential use.

The Commonwealth condemned a 47½-foot strip across the frontage of approximately 350 feet for the purpose of widening Preston Street Road. The new highway will be at approximately the same grade level, and a three-foot ditch will be constructed. The jury awarded appellants $1,000 for the taking of this strip.

The first contention is that this taking somehow limits appellants' right of access, and while claiming no reversible error, they ask us to declare that the new frontage has unlimited access. The simple answer is that the taking did not affect appellants' access rights in any manner. In this respect they have exactly the same rights as they had before. Of course they never had an *unlimited* right of access to Preston Street Road. Their rights have always been, and will be, subject to a reasonable exercise of the police power by the Commonwealth. See Commonwealth, Dept. of Highways v. Carlisle, Ky., 363 S.W.2d 104; Commonwealth, Dept. of Highways v. Raybourne, Ky., 364 S.W.2d 814; Sloan v. Commonwealth, Dept. of Highways, Ky., 405 S.W.2d 294. Suffice it to say, this condemnation proceeding

did not alter one iota appellants' access rights.

The next contention is that the Commonwealth's expert witness could not "legally refuse" to answer questions concerning the value of appellants' land for "commercial" development. The witness testified that he had appraised the property as zoned residential, which was the highest and best use of the land at the time its market value was to be determined. Appellants' counsel then attempted to have this witness fix a market value based on commercial use of the property. The witness then said that he would have to speculate as to its commercial value since it was zoned residential.

■ We are at a loss to understand upon what legal or other basis an expert witness in a condemnation case can be compelled to give his opinion about a market value which he says does not exist. This witness in effect said that because the property was zoned for residential use, it had no commercial market value. That was his opinion and if it was an unsound one, appellants could introduce contrary evidence or argue its unsoundness to the jury. The trial court certainly did not commit error in declining to compel this witness to speculate.

■ It may be pointed out that this witness was taking a proper approach to the question of market value, because such value should be based upon the zoned usability of the land in the absence of a showing that the reasonable probability of zoning reclassification would enhance it. See Chitwood v. Commonwealth, Dept. of Highways, Ky., 391 S.W.2d 381. This was not shown. It may be noted here that the landowners and their witnesses testified, without objection on the part of the Commonwealth, concerning the possible commercial development and possible commercial value.

■ It is next contended the court erred in failing to instruct the jury that they should consider "the highest and best uses to which the property could be adapted rather than the question of any present use", and should have also instructed the jury that they should consider certain specific factors such as location, availability of public utilities, etc., etc. We know of no justification for such instructions. The criteria set forth in the instructions offered by appellants are those brought out in the examination of the expert witnesses and upon which their opinions as to value are based. What appellants propose is to make experts of the members of the jury, whereas their principal function is to determine the credibility of the expert opinion evidence.

■ Another valid objection to appellants' offered instructions is that they tend to emphasize certain factors without including them all. It would be an almost impossible task and would not serve to enlighten the jury if the court were required by an instruction to detail every element that enters into the determination of market value. The instructions given adequately presented the issue the jury was called upon to decide.

■ The final contention is that the Commonwealth's counsel made improper argument. When alluding to appellants' witnesses' speculative testimony as to value and the extravagant argument of appellants' counsel, the attorney for the Commonwealth remarked: "How would the money hold out?" Under the circumstances, this rhetorical question was not unfair or improper. In any event, it could not have been so prejudicial as to constitute reversible error.

The judgment is affirmed.

All concur.