### COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

### v.

### Charles ROBERTS and Virginia Roberts, wife, Appellees.

Court of Appeals of Kentucky.

March 17, 1967.

Robert F. Matthews, Atty. Gen., H. C. Smith, Sp. Asst. Atty. Gen., L. A. Faurest, Faurest & Collier, Elizabethtown, Paul Hunley, Frankfort, Tildon H. McMasters, Elizabethtown, for appellant.

E. E. Hubbard, John S. Kelley, Fulton, Hubbard & Kelley, Bardstown, for appellees.

OSBORNE, Judge.

This is an appeal from the action of the Nelson Circuit Court fixing the value of certain land belonging to appellant which was condemned for the purpose of constructing the Central Kentucky Parkway. Prior to the condemnation proceedings, appellees' farm consisted of 230 acres; 200 of which was level or gently rolling; 25 acres of pasture land; and approximately 5 acres of woods. The farm was in a high state of cultivation. The improvements on the farm consisted of a colonial type home, tobacco barn, combination stock and dairy barn, a new aluminum farrowing house and other miscellaneous buildings along with internal and external fencing. The farm was located approximately two miles southeast of Bardstown on the Pottershop county road. It is rectangular in shape and the Parkway runs diagonally across it taking approximately 30 acres which is required for construction of the Parkway and relocation of the Pottershop road.

The only question before this court upon appeal is whether or not the verdict is excessive and unsupported by the evidence. The Commissioners appointed by the county court valued the land taken at $9,587.50 and reported the damage to the remaining property at $18,000, making a total award by the Commissioners of $27,587.50. From this award both the landowner and the Commonwealth appealed to the circuit court. Upon trial before a jury in the circuit court, it found the value of the farm, before the taking, to be $72,000, and its value, after the taking, to be $38,000 and fixed a value of $1000 upon a temporary easement, awarding a total sum of $35,000. We believe that this award was supported by the testimony. Appellees offered four witnesses. Mr. Everett Mudd, a licensed real estate broker, who had been engaged in the real estate and auction business in that county and vicinity some 50 years, testified that in his opinion the market value of the farm prior to the taking was $82,000 or $356 per acre. He stated that its value after the taking was $41,000, thereby making a difference of $41,000. The next witness, Mr. Leland Hubbard, was also a licensed real estate broker and had been engaged in the real estate business in and around Bardstown for six years and regularly made appraisals for various lending institutions in the community. Mr. Hubbard testified that he was familiar with the property and had been for fifty years. He stated that in his opinion the value of the property before the taking was $78,000 or $340 per acre. He stated that its value after the taking was $40,000 and the difference between these two figures, or the damages suffered by appellees, would be $38,000. Appellees also offered as a witness Mr. Charles Roberts who testified to a before value of $82,500 and an after value of $37,500, making a difference of $45,000. Joe English, who was introduced by appellees, testified that he was a licensed real estate broker engaged in the real estate business, and that he had made many appraisals of real estate which were accepted by the farm loan companies, certain banks, and the Equitable Life Insurance Company. He testified that, in his opinion, the value before the taking was $80,500 and the after value $40,000, making a difference of $40,500. The Commonwealth introduced two witnesses as to the value of the property, both of whom are unquestionably qualified in this field. The first, Mr. David Rash, testified that the before value was $60,000, and the after value $37,400, making a difference of $22,600. The other witness, Mr. A. B. Wigginton, testified that the before value was $62,500, and the after value $39,500, making a difference of $23,-000. It will be noted that the after value of all the witnesses is fairly consistent. The differences between the witnesses for appellees and for appellant is brought about because of the variance in their before values. We note that the after value of appellant's witness, Wigginton, of $39,500, is greater than the after value of appellees' witness, Roberts, which is $37,500.

It is our opinion that the value fixed by the jury is well within the range of the

testimony of the witnesses. It is our further opinion that the witnesses who testified were well qualified to testify as to the values and that they expressed honest and impartial opinions concerning the values. Therefore, the verdict was amply supported by the evidence and falls well within the range of the competent testimony. See Commonwealth Dept. of Highways v. Barton, Ky., 398 S.W. 2d 694. The Parkway takes approximately 30 acres of land. It will run diagonally across the rectangularly shaped farm and will be on a fill most of the way. It will be necessary to relocate the Pottershop road which will make a criss-cross going under the Parkway approximately in the middle of the farm and will be in a deep cut most of the way. It will be necessary to relocate the entrances to the house and the barn and other buildings on the farm. The farm will be fragmented into seven segments, or five segments if you consider the closing of the old Pottershop road. All of the witnesses agree that this fragmentation will make it difficult to cultivate and operate the farm either for the purpose of growing row crops or as a stock or diary farm. The owner will have to build an additional 345 rods of fence and one fragment of the farm will be so remotely located it will be practically impossible to reach. In view of the foregoing, we do not view the verdict as being excessive.

The judgment is affirmed.

All concur.