**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Ina G. Goetz NANTZ et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 1, 1967.

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Frankfort, Robert M. Short, Humphreys, Jones & Short, Owensboro, M. T. Quinton, Jr., Madisonville, for appellant.

Charles J. Kamuf, Beard, Rummage & Kamuf, R. T. Sweeney, Owensboro, for appellees.

EDWARD P. HILL, Judge.

This is an appeal from a judgment fixing compensation at $2600 for land taken and $2400 for the use of a temporary easement in connection with the reconstruction and widening of U. S. 60 between Owensboro and Lewisport in Daviess County.

Appellees' property before taking comprised a lot 360 by 200 feet with a restaurant operated under the name Eastway Cafe and an old building to the rear of the restaurant which has since been removed and replaced by a concrete block building.

Appellant condemns a strip 200 by 7 feet in fee from the front of the lot and a strip 200 by 10 feet for temporary use adjoining the tract taken in fee. After completion of construction, the restaurant building will be about 20 feet from the right of way.

No improvements are disturbed, but appellees contend the taking of the front of their lot leaves insufficient room for parking in the front, thereby necessitating the remodeling of their building so customers may enter from the side.

The Commonwealth takes the position on this appeal that (1) the verdict is excessive and unsupported by probative evidence and (2) incompetent evidence was admitted over its objection.

The county court commissioners allowed appellees $870. The county court entered judgment in that amount, from which the appellees appealed to the circuit court.

The only witness for appellant fixed the before value of the property at $38,000 and the after value at $36,800, for a difference of $1200. This witness estimated the value of the use of the strip of land taken for temporary use at $260.

The evidence of the three witnesses for the landowners, including that of appellee Ina Nantz, is poles apart. They testified to before values ranging from $90,000 to $95,-000 and after values ranging from $69,000 to $76,000, for differences ranging from a low of $14,000 to a high of $25,000. One of these witnesss fixed the value of the temporary use at $2000; and appellee Ina Nantz stated it was $2400, the exact amount the jury awarded therefor.

■ Obviously the verdict of the jury for land taken in fee is well within the range of the testimony. We do not consider it excessive.

■■ The amount awarded for temporary use requires more detailed analysis of the evidence. The complaint sought the temporary use of the ten-foot strip for a period of two years. From the evidence, it appears well over one year was consumed in the improvements undertaken. Two access approaches were provided part of the time, but there were times when customers could not get to appellees' place of business. This court has decided uniformly that the landowner is entitled to the reasonable rental value, not loss of profits or compensation for inconvenience for the land taken for temporary use. Cf. Commonwealth, Department of Highways v. Fister, Ky., 373 S.W.2d 720. The landowner may not recover for loss of access so long as he is provided a reasonable means of access to his property. Commonwealth, Department of Highways v. Lawton, Ky., 386 S.W.2d 466; Commonwealth, Department of Highways v. Carlisle, Ky., 363 S.W.2d 104; and Commonwealth, Department of Highways v. Denny, Ky., 385 S.W.2d 776.

In situations where the taking for temporary use includes the entire tract owned by the landowner, there is usually little difficulty in determining the fair rental value of the use. Where there is only partial

taking for temporary use as was said in Commonwealth, Department of Highways v. Ray, Ky., 392 S.W.2d 665, 669:

> "It is difficult if not impossible to apply if restricted to a strip of land used temporarily in highway construction work. Such strip itself ordinarily has no market rental value because nobody would rent it. 'Diminution in value of use' cannot constitute a measure because the property owner has no use of it at all.

> \* \* \* \* \* \*

> "We do not think occupancy or nonoccupancy by the owner is of any significance in fixing damages for a temporary highway construction easement. \* \* \* A proper standard is the *diminution in the fair rental value of the landowner's adjacent property* by reason of the occupancy by the Commonwealth." (Emphasis ours.)

 We believe the reference in the above quotation to *"adjacent"* property was unnecessarily and unintentionally restrictive in that it apparently left out of consideration the strip subjected to the temporary easement. The true measure is the diminution in the fair rental value of the landowner's property *as a whole*, which includes both the strip subjected to the easement *and* the adjacent property affected.

There was evidence that the strip of land taken for temporary use contributed substantially to the value of the use of the entire tract as a parking area. Furthermore, there was evidence appellees could have rented small portions of their frontage, for instance, a strip 12 by 20 feet to be used as a fruit stand for as much as $80 per month. It should be noted that the land in controversy is situated on a heavily traveled portion of an important east-west state highway and enjoys a commercial classification in the midst of residential areas according to the local zoning regulations.

It is concluded by a majority of the court that the award for temporary use is not excessive.

The quality and competency of evidence has been considered, and we find no merit in appellant's position in this regard.

The judgment is affirmed.

WILLIAMS, C. J., and MILLIKEN, OSBORNE, PALMORE, and STEINFELD, JJ., concur.

MONTGOMERY, J., dissents.

MONTGOMERY, Judge (dissenting).

I dissent on the authority stated in Commonwealth, Department of Highways v. Taylor County Bank, Ky., 394 S.W.2d 581, and Commonwealth, Department of Highways v. Hunt, Ky., 399 S.W.2d 294.