COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Mallam LAKE et al., Appellees.

Court of Appeals of Kentucky.

Dec. 15, 1967.

As Modified on Denial of Rehearing
Oct. 25, 1968.

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Perry R. White, Jr., Dept. of Highways, Frankfort, for appellant.

Ralph A. Homan, Lawrenceburg, Clarence Bartlett, Woodward, Bartlett & McCarroll, Owensboro, for appellees.

EDWARD P. HILL, Judge.

This is an appeal from a judgment for $32,000 for 23.9 acres condemned out of the heart of appellees' farm containing 560 acres before the taking. The strip of land sought ranges in width from 260 feet to 175 feet.

The farm is located west of the town of Lawrenceburg. Old U.S. 127, a generally north-south highway, passed through Lawrenceburg and furnished part of the eastern boundary of appellees' farm. The purpose for taking the land in question is for the relocation of U.S. 127 so as to by-pass Lawrenceburg to the west of town.

Appellant contends the amount of the verdict is excessive and unsupported by "evidence or facts that would induce belief in the minds of reasonable men"; and that appellees' evidence in regard to the loss of access was an improper factor.

Appellees acquired this farm from two sources and discuss the two separate tracts as the Riley farm and the Gaines farm, but we shall treat the farm as a unit. The taking for the new highway, which is one of unlimited access, severed the farm leaving 130 acres on the west side of the highway and 413 acres on the east side of the highway. The major improvements are on the 130-acre tract. Bisecting the 413-acre tract is a double track railroad, so that 213 acres lie west of the railroad and 200 acres lie east of the railroad.

The judgment in the county court was $31,303, from which both parties appealed to the circuit court.

We find no merit in appellant's argument that the evidence for appellees

would not induce belief in the minds of reasonable men. The two witnesses for appellees were the run-of-the-mill type: George McWilliams, a licensed real estate broker also engaged in the insurance business; and Walter Major, a nearby large farm owner and president of the local bank with experience as appraiser of real estate, who testified he made a study of comparable sales of land in the locality of the subject property. Insofar as qualification is concerned, it must be said appellees' witnesses were duly qualified.

The main thrust of appellant's argument attacking appellees' evidence, unlike the points listed in its "Table of Contents and Authorities," is directed for the most part to the reasons for which and means by which the witnesses arrived at their before and after values. In this respect we find merit in appellant's argument, to which we later refer in the discussion of the diminution of the value of the farm as a unit for agricultural purposes. For the present, we can only say in answer to the first argument that appellees' witnesses were qualified.

Before discussing the question of whether the verdict is excessive, we should examine appellant's argument that "loss of access" or impairment of access to the two tracts severed by the highway was an improper and noncompensable factor, and evidence pertaining thereto should have been excluded.

■ The general rule in this jurisdiction holds that the landowner is entitled to reasonable access to the highway system and is not entitled to recover damages for anything more. Cf. Commonwealth, Department of Highways v. Lawton, Ky., 386 S. W.2d 466; Commonwealth, Department of Highways v. Carlisle, Ky., 363 S.W.2d 104; and Commonwealth, Department of Highways v. Denny, Ky., 385 S.W.2d 776.

There is a well-recognized exception to this general rule, although we recognize the exception in other terms. It is the allowance of recovery for impairment of the market value of a farm as a unit for agricultural purposes occasioned by a separation of the farm into two or more parts. In Commonwealth, Department of Highways v. Sea, 402 S.W.2d 842, at page 843 (1966), this court said:

"Where a farm is divided by the taking of a part of it for highway purposes, the separation alone may or may not reduce its market value, depending on the highest and best use of the land. * * * [T]he separation of a farm, having farming as its highest and best use, may materially and substantially impair its market value as a unit. * * * [W]here a farm is involved and no evidence is introduced by either party, it may be assumed the 'highest and best use' of the farm is that of *farming* and that its highest value is as a single unit."

■ Appellant argues that inasmuch as three approaches were provided for each tract (each approach immediately across the highway from the other), the appellees have "reasonable" access. To this we agree, although there was some evidence that one of the approaches was not satisfactory due to the proximity of the approach to a pond. We do not consider appellees' evidence incompetent because it is based on the improper factor of impairment of access. We hasten, however, to say that we shall consider appellees' evidence as it may or may not bear upon the diminution of the market value of the farm as a unit for agricultural purposes. It may be stated as a general proposition that when a farm, having farming as its highest and best use, is separated by the construction of a highway through same, it is rendered less valuable for operation as a unit. Without doubt, appellees have sustained some loss in the value of their farm on account of its separation. This is true notwithstanding the provision of six approaches (three to each side) and a 10 by 12 culvert with a concrete floor. But our question is not whether appellees are entitled to compensation for such diminution

in value of their farm as a unit, but the amount allowed by the jury therefor.

To repeat, the verdict was for $32,000 for less than 24 acres. According to the highest value per acre placed on appellees' farm by their own witness, McWilliams, the land was worth $425 per acre before the taking. (The appellant's witnesses fixed before value at $312 per acre.) So we may say that the 24 acres taken according to appellees' highest figure amounts to $10,200. (But it amounts to only $4,080 according to appellant's evidence.) Subtracting $10,200 from the $32,000 verdict, we have a remainder of $21,800 which must be classified as diminution in value of the remainder of appellees' property by reason of impairment of its value as a unit. This, we think, at first blush is excessive.

The judgment is reversed.

WILLIAMS, C. J., and MILLIKEN, MONTGOMERY, and STEINFELD, JJ., concur.