COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

Clarence WELLS et al., Appellees.

Court of Appeals of Kentucky.

March 8, 1968.

Robert Matthews, Atty. Gen., Frankfort, H. C. Smith, Asst. Atty. Gen., Department of Highways, Frankfort, C. E. Skidmore, Department of Highways, Frankfort, for appellant.

Roger A. Byron, Owingsville, for appellees.

STEINFELD, Judge.

To acquire the right of way for the construction of Interstate Highway 64 in Bath County the Commonwealth condemned 7 acres of the 161.3-acre farm owned and operated by Clarence Wells and Grace Wells, his wife. The taking resulted in severing and landlocking 20.82 acres of the remainder. The commissioners in the county court reported that the owners were entitled to $10,655.00. The Commonwealth appealed and a circuit court jury awarded $8,400.00. From a judgment entered pursuant to that verdict the Commonwealth appeals. Its only contention for reversal is that "the verdict is excessive for the reason it is not supported by competent and relevant evidence of probative value."

All witnesses admitted that the entire farm was of excellent quality. The improvements consisting of two barns, a residence, one pond, garage, smoke house, corn-crib, sheds and an old abandoned house were located on the remaining 133½ acres. None were taken and the 2.53 acre tobacco base was not disturbed. The access to the property, which was through another farm, remained the same as before. One pond was located on the tract taken.

Witnesses for the Commonwealth stated values as follows:

|  | "Before Value | After Value | Difference |
| --- | --- | --- | --- |
| Mr. Allen Park | $51,000 | $46,500 | $4,500 |
| Mr. William E. Bacon | 53,000 | 48,000 | 5,000" |

The comparable sales which the valuation witnesses used to support their appraisal were as follows:

"230 acres sold @ $293 per acre
118½ acres sold @ $341 per acre
235 acres sold @ $278 per acre
210 acres sold @ $214 per acre
122 acres sold @ $300 per acre
161 acres sold @ $270 per acre"

Mr. Henry L. Jones, whose qualifications were not and could not have been questioned, was the only witness who testified

for the owners. He stated that the value before the taking was $50,000.00 and the value thereafter was $40,000.00. The five principal factors which he took into consideration in describing the things that happened to the farm that caused him to decrease the value were:

"(1) seven acres of land gone
(2) 20.82 acres landlocked
(3) pond gone
(4) farm road cut off
(5) utility of the farm decreased"

He said that the pond taken was well located for the watering of stock and was a good pond and that it fitted into the farm arrangement; that the cutting off of the road within the farm affected the utility of the land as it had provided an entrance to Slate Creek for watering stock or obtaining water, and that the steep banks elsewhere along the Slate Creek would prevent or greatly hinder any other arrangement for a road to the creek. Such factors may be considered as they affect market value. Com., Dept. of Highways v. Burns, Ky., 394 S.W.2d 923 (1965) and Com., Dept. of Highways v. Sea, Ky., 402 S.W.2d 842 (1966). He explained that some rearrangement of fencing would be necessary. Properly he discussed sales which he had considered as comparable. See Com., Dept. of Highways v. Sellers, Ky., 421 S.W.2d 581 (1967).

To support its claim that the verdict was not supported by competent evidence of probative value the Commonwealth relies upon Com., Dept. of Highways v. Gearhart, Ky., 383 S.W.2d 922 (1964), in which we held that even though " * * * the verdict is within the range of the value figures * * * this alone is not sufficient to foreclose inquiry whether the verdict is palpably excessive; neither does it preclude testing whether the verdict is adequately supported by evidence of probative value." We then said that " * * * The high figures testified in behalf of the appellees simply are not borne out by the proof from the very wit-

nesses who gave them." It also relies on Com., Dept. of Highways v. Oliver, Ky., 385 S.W.2d 173 (1964), in which we held that if " * * * expert witnesses fail to disclose a sound basis for their opinions and demonstrate that factors have been considered which are not proper or pertinent * * *" we will not permit the verdict to stand.

The trial court considered this contention on a motion for a new trial. Com., Dept. of Highways v. Stocker, Ky., 423 S.W.2d 510 (decided January 12, 1968). The testimony of Mr. Jones which was based upon proper factors, furnished competent and relevant evidence of probative value sufficient to support the verdict. No error was committed in refusing to grant a new trial on the claim that the verdict "is excessive for the reason that it is not supported by competent and relevant evidence of probative value."

The judgment is affirmed.

All concur.