COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

Joe H. LOVETT and Virginia Lovett, wife, and Bank of Williamsburg, Mortgagee, Appellees.

Court of Appeals of Kentucky.

May 3, 1968.

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Department of Highways, Frankfort, Ben D. Smith, Smith & Blackburn, Somerset, for appellant.

Joe S. Feather, G. G. Teague, Jr., T. E. Mahan, Williamsburg, for appellees.

OSBORNE, Judge.

This is a highway condemnation case. In constructing I-75, it was necessary to take a small part of appellees' land and to close the road which formerly provided access. To provide access to appellees' prop-

erty and several other pieces of land, a new gravel access road was constructed. Another small portion of appellees' land was taken for this purpose.

Prior to the taking appellees' property was a rectangular lot approximately 100′ by 436′, containing .90 acres. It was within the city limits of Williamsburg, Kentucky, and fronted on Red Bird Road, a paved street, for 100 feet. A gravel road ran along the length of it on one side. The property had a modest home facing the gravel road, a smoke house, and an outdoor toilet. The house had an indoor toilet as well. The rest of the lot was used as a garden and as a small orchard. The taking consisted of .03 acres out of one corner for I-75 and a strip 60 feet wide containing .15 acres near the other end for the new access road. This strip cut the property into two portions. The larger portion contains .60 acres and includes the house and smoke house. A small strip containing .12 acres is left on the other side of the new access road. The only improvements taken were the outdoor toilet and most of the trees in the small orchard.

The jury awarded the appellee landowners $5,000 for the portions taken. They found a before value of $11,000 and an after value of $6,000. The Commonwealth prosecutes this appeal contending that the verdict is palpably excessive and not supported by probative evidence. We believe they are correct.

The verdict is within the evidence given by the landowners' witnesses, however, this is another case where the evidence just does not support the size of the award. Com., Dept. of Highways v. Tyree, Ky., 365 S.W.2d 472, and the multitude of cases following it. The property before the taking was being used for residential purposes. It is still eminently usable for the same purposes. Only 20% of the land was taken; no particularly valuable improvements were taken, yet the jury found the value decreased by nearly half. The only use other than the present one suggested

by the landowner's witnesses was that two other lots could have been cut off. If two lots could have been cut off before, then it would be equally feasible for one to be cut off now. This evidence just doesn't indicate this great a reduction in value.

The judgment is reversed.

All concur.