**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Curtis MONTGOMERY et al., Appellees.**

Court of Appeals of Kentucky.

May 16, 1969.

John Breckinridge, Atty. Gen., Don Duff, Acting Gen. Counsel, Dept. of Highways, Frankfort, John J. Blackburn, Dept. of Highways, Covington, for appellant.

William G. Reed, Carrollton, for appellees.

CULLEN, Commissioner.

The Commonwealth of Kentucky, Department of Highways, is appealing from a judgment which awarded the appellee landowners $55,000 as damages for property taken by condemnation for highway purposes. The department maintains that the

verdict is excessive under the "first blush" test and is not supported by evidence of sufficient probative value.

The case involves farm property. The appellees' farm, before the condemnation, consisted of 476 acres. The condemnation took a strip through the middle of the farm, of 96½ acres, for a nonaccess interstate highway. This left 161 acres on the west of the highway and 219 acres on the east. However, the topography was such that 65 of the 161 acres were landlocked. The remaining 96 acres on that side had on them a tenant house but no farm buildings. The main dwelling and all of the farm buildings were on the 219-acre parcel.

The witnesses for the landowners gave "before" values ranging from $107,600 to $124,712, and "after" values from $50,685 to $64,212. The witnesses for the department estimated the "before" value at $60,000 to $62,500, and the "after" value at $37,700 to $41,000. The jury fixed the "before" value at $110,000 and the "after" value at $55,000, resulting in an award of $55,000. The jury in effect found that the condemnation had cut the value of the farm in half.

The department's argument on this appeal is almost exclusively a "percentage" argument, being in substance that at the most only 34 percent of the farm area was taken (conceding for argument that the landlocked parcel was the same as taken), and this could not have reduced the value of the farm by 50 percent. The department cites Commonwealth, Dept. of Highways v. Lovett, Ky., 427 S.W.2d 576, in which some significance was ascribed to the fact that only 20 percent of the land was taken whereas the verdict was for 50 percent of the original value. However the Lovett case did not purport to establish any percentage rule or measure, and the reasons why excessiveness cannot be tested by a simple percentage rule are stated in Commonwealth, Dept. of Highways v. Sharp, Ky., 429 S.W.2d 371.

To apply a percentage rule would amount to holding that the landowner is to be compensated only for the land actually taken and not for the overall reduction in value of his property to which the constitution entitles him. Of course there can be instances in which there is in fact no overall reduction in value above the acreage value of the land taken. So the department in presenting its "percentage" argument really has to be maintaining that there was no overall reduction in value of the appellees' farm above the acreage value of the land actually taken.

The appraisal witnesses for the appellee landowners in the instant case stated reasons for their opinions that the portions of the farm remaining after the taking had less value than they had before the taking. The main reasons were that a large farm has more value than a small farm because it can be operated more efficiently; the 96-acre tract left on the west side of the highway could not feasibly be operated along with the main farm on the other side of the highway (because of nonaccess), and its size was not such as to bring a good price because it was too large for a baby farm but not large enough for a standard farm; the 219-acre tract was too small for efficient mechanized operation and its buildings were left too close to the highway.

We cannot say that the testimony did not have sufficient probative value to establish such an overall reduction in value as was found by the jury. Nor does the verdict strike us at first blush as being so excessive as to have been given under the influence of passion and prejudice.

The judgment is affirmed.

All concur.