COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

A. B. CARLISLE et al., Appellees.

Court of Appeals of Kentucky.

May 23, 1969.

Don Duff, Gen. Counsel, Dept. of High-
ways, Frankfort, George B. Baker, Jr.,
Henderson, Hugh J. Convery, Madison-
ville, for appellant.

William L. Sullivan, Dorsey & Sullivan,
Henderson, for appellees.

STEINFELD, Judge.

The Commonwealth condemned part of Carlisles' property for the Pennyrile Parkway, a controlled access toll road. Claiming that the verdict of the jury was palpably excessive the condemnor has appealed from the judgment thereon. We affirm.

The 135.62-acre Carlisle farm located in Webster County on the east side of, and at one point 150 yards from U. S. Highway 41, was generally shaped like a rectangle. The improvements consisted of a one-story six or seven-room house without inside running water, a livestock barn, a tobacco barn, poultry house and a little brooder house. Most of the land was gently rolling of which approximately 20% was wooded and almost all of the remainder was suitable for raising grain crops. Access was from U. S. Highway 41 along a lane 150 yards and then to reach the residence and other improvements it was necessary to use a private road across the farm.

The Commonwealth took 16.28 acres in the form of a strip, approximately 240-feet wide running from the south side near the southeastern corner to the west side near the northwestern corner, containing no improvements except a pond. This divided the farm into two areas—one was an unimproved 20.46-acre tract between the toll road and U. S. 41 with the 150-yard lane as its access to that highway and the other contained 98.88 acres and all of the improvements, but according to the preponderance of the evidence had no access to any passable road.

The county court commissioners awarded $23,050.00 but after trial on appeal the jury determined that before the taking on March 20, 1967, the value of the farm was $39,000.00 and thereafter only $14,000.00, a difference of $25,000.00.

Four licensed real estate brokers testified as to the values. Their appraisals of before value ranged $24,400.00, $25,000.00, $42,000.00 and $45,000.00. Three expressed the after-taking value of the two tracts separately saying the 20.46-acre parcel was worth $2,000.00, $3,700.00 and $4,500.00 while the 98.88-acre tract was valued at $7,900.00, $10,000.00 and $10,500.00. The fourth appraiser considered all the remainder worth $14,000.00. It will be observed that the jury verdict was within the range expressed by those witnesses but "* * * this alone is not sufficient to foreclose inquiry whether the verdict is palpably excessive; neither does it preclude testing whether the verdict is adequately supported by evidence of probative value." Com., Dept. of Highways v. Gearhart, Ky., 383 S.W.2d 922 (1964).

■ To support its contention that the verdict was excessive appellant uses the percentage ratio of area taken to the $25,-000.00 award and argues that this shows a price of $1,530.00 per acre. It says that "* * * the jury's verdict shows that the jury's before value of $39,000.00 and the after value of $14,000.00 when compared with the difference of $25,000.00 discloses that for the taking of 16.28 acres, approximately 12 per cent of the before acreage, the jury's award is 64.1 per cent of the before value of the entire farm, and is in excess of 178.5 per cent of the total after value of the remaining 20.46 acres and 98.-88 acres or a total after acreage of 119.34 acres." It cites many cases including Com., Dept. of Highways v. King, Ky., 400 S.W.2d 517 (1966); Com., Dept. of Highways v. Frazier, Ky., 404 S.W.2d 459 (1966); Com., Dept. of Highways v. Cammack, Ky., 408 S.W.2d 615 (1966); Com., Dept. of Highways v. Collins, Ky., 409 S. W.2d 506 (1966) and Com., Dept. of Highways v. Doolin, Ky., 411 S.W.2d 44 (1967).

We said in Com., Dept. of Highways v. Montgomery, Ky., 442 S.W.2d 288 (1969), "To apply a percentage rule would amount to holding that the landowner is to be compensated only for the land actually taken and not for the overall reduction in value of his property to which the constitution entitles him. Of course there can be instances in which there is in fact no overall reduction in value above the acreage value of the land taken." The evidence revealed

that here we do not have one of those instances.

Appellant insists that over its objection the jury was allowed to hear evidence that access to the 98.88-acre tract was lost and that it thereby considered a noncompensable element of damages. It relies on Com., Dept. of Highways v. Smith, Ky., 413 S.W.2d 72 (1967), in which we said "* * * loss of unrestricted ingress and egress, so long as there remains reasonable access to the property, may not be considered in determining values." and Com., Dept. of Highways v. Gardner, Ky., 413 S.W.2d 80 (1967), in which we held that "* * * [cutting] off [appellees'] closest route of travel to * * *" the main highway and nearby towns—circuity of travel—was a noncompensable factor.

In the case we are considering there was a genuine issue as to whether there was reasonable access, or any access to the 98.88 acres on which all the improvements were located. Apparently once there had been a county road along one side of this area but proof showed that on the taking date it was impassable and that it had been abandoned for more than 25 years. The Commonwealth claims that another road provided access, however, one broker said that he could not get his automobile within a mile of that acreage and that to inspect it he drove on the unfinished toll road and climbed the fence. He was corroborated by a neighbor and by the owner. Carlisle testified that he had moved away because it was impossible to get in or out. Another broker said "* * * I even hired Mr. Brooks to take me by tractor to attempt to get into this piece of property on a tractor but I could not get into it * * *". Other witnesses also said that the only way in was to climb the fence along the toll road.

A landowner does not have "* * * an unlimited right of access to" the highway system as the right of access is "* * * subject to a reasonable exercise of the police power by the Commonwealth." Proctor v. Com., Dept. of Highways, Ky., 412 S.W.2d 252 (1967). To be compensable, the impairment of the landowner's right of access has been required to be substantial, as contrasted with a mere matter of inconvenience or circuity of route or access." 29A C.J.S. Eminent Domain sections 167, 719, Cf. Department of Highways v. Jackson, Ky., 302 S.W.2d 373 (1957) and Com., Dept. of Highways v. Fancher, Ky., 390 S.W.2d 164 (1965).

Com., Dept. of Highways v. Noe, Ky., 426 S.W.2d 459 (1968), said that "* * * complete loss of access is a compensable factor." (citing cases), although there we found there was a clear showing "* * * that access to the old road was not lost and reasonable access to the new highway was provided." Our rule is that loss of access is not a compensable factor if the property owner retains reasonable means of ingress and egress to the highway system. Com., Dept. of Highways v. Carlisle, Ky., 363 S.W.2d 104 (1962); Com., Dept. of Highways v. Sherrod, Ky., 367 S.W.2d 844 (1963); Com., Dept. of Highways v. Denny, Ky., 385 S.W.2d 776 (1964); Com., Dept. of Highways v. Hopson, Ky., 397 S.W.2d 167 (1965); Sloan v. Com., Dept. of Highways, Ky., 405 S.W.2d 294 (1966); Com., Dept. of Highways v. Cleveland, Ky., 407 S.W.2d 417 (1966); Com., Dept. of Highways v. Smith, Ky., 413 S.W.2d 72 (1967); Com., Dept. of Highways v. Rosenblatt, Ky., 416 S.W.2d 754 (1967); Com., Dept. of Highways v. Nantz, Ky., 421 S.W.2d 579 (1967) and Com., Dept. of Highways v. Lake, Ky., 432 S.W.2d 23 (1967). Also see 26 Am.Jur.2d 886, Eminent Domain, section 203 and 27 Am.Jur.2d 128, Eminent Domain, section 311.

Although there was some to the contrary the evidence was sufficient to permit the jury to consider loss of reasonable access as a compensable factor. See Com., Dept. of Highways v. Adkins, Ky., 396 S.W.2d 768 (1965), in which we said:

"It has been firmly established that 'the only access right the landowner has is a right of reasonable access to the

highway system.' Commonwealth [, Dept. of Highways] v. Carlisle, Ky., 363 S.W. 2d 104, 107 (1962). Conversely, he cannot be deprived of reasonable access without just compensation. Commonwealth, Dept. of Highways v. Caudill, Ky., 388 S.W.2d 376, 379 (1965). It follows, we think, that he must be entitled to show what he will have left in the way of access before it can be determined whether it is reasonable. Ordinarily this question should be resolved by the court as a matter of law, but in order for it to be resolved at all it would seem indispensable that the facts be disclosed. If it appears that the landowner will be subjected merely to circuity of travel (within reasonable limits), the court may properly be requested to admonish the jury not to consider that circumstance as a factor in arriving at the reduced value of the remaining property, but we do not feel that it is incumbent on the court to give the admonition of its own volition. Cf. Commonwealth, Dept. of Highways v. Shaw, Ky., 390 S. W.2d 161, 163 (1965). No admonition was requested in this case, nor was the court asked to give an instruction on the point."

■ If it is clear to the court that the landowner has lost no compensable access rights any evidence on this subject or valuations made by considering it should be rejected. Sloan v. Com., Dept. of Highways, Ky., 405 S.W.2d 294 (1966); Com., Dept. of Highways v. Cleveland, Ky., 407 S.W.2d 417 (1966) and Com., Dept. of Highways v. Brumfield, Ky., 418 S.W.2d 231 (1966). If such testimony has been presented it is proper for the court to admonish the jury it must not consider this factor. Com., Dept. of Highways v. Adkins, Ky., 396 S.W.2d 768 (1965). However, we have held that when the admonition was of "no efficacy" a new trial should be granted. Com., Dept. of Highways v. Gardner, Ky., 413 S.W.2d 80 (1967). When necessary an instruction on this subject would not be improper. Flynn v.

Com., Dept. of Highways, Ky., 428 S.W.2d 24 (1968). If a valuation witness has improperly considered loss of access in appraising, he should be "required to re-evaluate after eliminating loss of access considerations," and if he is unable to eliminate it his testimony should be excluded. Com., Dept. of Highways v. West, Ky., 432 S.W.2d 430 (1968). Also see West Kentucky Coal Co. v. Com., Dept. of Highways, Ky., 368 S.W.2d 738 (1963).

On the other hand when the court is satisfied that the owner is being deprived of reasonable access to the highway system the reverse of the comments we have made in the preceding paragraph is the proper procedure, for under those circumstances the owner "* * * is entitled to be compensated for the diminution in value (thereby) resulting to his property." Com., Dept. of Highways v. Dotson, Ky., 405 S.W.2d 30 (1966).

■ When the evidence presents a genuine issue of fact as to whether the remainder tract is left with reasonable access to the highway system, the trial court may, and upon request should, admonish the jury to the effect that the landowner is entitled to no more than a reasonable access from his property to the public highway system, and that the jury should not consider any loss or inconvenience of access unless it believes the property has been deprived of reasonable access to the public highway system, considering the use of the property as of the time of the taking.

■ Here, a genuine issue prevailed, evidence was properly admitted and no request for an admonition or instruction was made, therefore, we perceive no error. The verdict was supported by substantive evidence of probative value which is the ultimate test. Com., Dept. of Highways v. Stocker, Ky., 423 S.W.2d 510 (1968).

■ At first blush the award does not appear to us to be excessive. Com., Dept. of Highways v. Arnett, Ky., 401 S.W.2d 762 (1966); Com., Dept. of Highways v.

Roberts, Ky., 412 S.W.2d 883 (1967); Com., Dept. of Highways v. Wells, Ky., 425 S.W.2d 536 (1968); Com., Dept. of Highways v. Montgomery, Ky., 442 S.W.2d 288 (1969).

The judgment is affirmed.

All concur.

OSBORNE, Judge (concurring).

I concur with the results reached by the majority for the reason that I have long held that where loss of access diminishes the value of the property, it should be compensable. I am unable to understand the logic that permits one landowner to recover when there is a 99% loss of access and denies recovery to another where there is a 95% loss. To me, loss of access either is or is not compensable. I fail to see how this can be determined by measuring the quantity of the access loss. My opinion is more fully set out in a concurring opinion in Commonwealth of Kentucky, Department of Highways v. Hess, Ky., 420 S.W. 2d 660, p. 663 (1967).