**CITY OF FRANKFORT, Kentucky,**
Appellant,

v.

**Mrs. R. A. (Pansy) THOMPSON, Appellee.**

Court of Appeals of Kentucky.

June 9, 1972.

the before and after values of the land, and damages of $3150 for temporary injury to the enjoyment of her land not taken.

The City of Frankfort has long operated a garbage and trash dump on property adjacent to appellee's farm. There is a high, extremely steep hill, the crest of which is the dividing line between property owned by the city and appellee's property. The dump is on the crest of the hill and as the city moves the debris toward appellee's farm it rolls down the hill onto her property and practically into her front yard. Appellee and her husband purchased the 100-acre farm in 1929. The City of Frankfort purchased its property in 1941. Due to the large quantity of material dumped and the nature of the terrain, trash and assorted debris have for many years swept down the hill onto appellee's land destroying her fences and damaging other structures. There was proof of fires, which destroyed standing timber on appellee's land, and, in general, the overall effect of the city's practice of pushing the debris over the hill was to create an unsanitary, unscenic, unhealthful, smelly situation. The removal of the debris is rendered practically impossible due to the steepness of the slope and the fact that it is covered with timber.

Appellant now argues before this court that the verdict for permanent damages of $4788 was excessive and the verdict of $3150 for temporary damage to the enjoyment of the remaining land was not supported by the evidence. It contends that since there was .77 of an acre of land taken the verdict of $4788 is excessive at first blush as the award represents 7% of the value of the total farm, when only 1% of the land was taken. We do not believe the so-called percentage rule should be applied in this situation. It was not applied in Commonwealth of Kentucky, Department of Highways v. Carlisle, Ky., 442 S.W.2d 294 (1969), wherein we sustained a jury verdict amounting to 64% of the value of the land where only 12% of the land was taken. Even though appellant argues

Allen Prewitt, City Solicitor, Frankfort, for appellant.

Max M. Smith, Chancellor, Darnell & Smith, Frankfort, for appellee.

OSBORNE, Judge.

This appeal is from a judgment of the Franklin Circuit Court in a proceeding commonly referred to as "reverse condemnation." Appellee was awarded damages for a permanent taking in the amount of $4788 representing the difference between

448

that there is a percentage rule and that it should be applied in this case, we do not recognize the existence of such rule. The applying of percentages is something that has been done in certain cases merely to demonstrate the excessiveness or lack of excessiveness of a verdict.

█ We are of the opinion the $3150 awarded for loss of enjoyment of the land remaining was reasonable under the facts of this case and adequately supported by the evidence.

Judgment affirmed.

All concur.